340 F.2d 606
 Thelma DAVION, widow and surviving spouse in community,
individually, and as natural tutrix of the five
minor children of Earl Davion, Deceased,
Appellants,
v.
Anthony J. CELEBREZZE, Secretary of Health, Education and
Welfare, Appellee.
 No. 21375.
 United States Court of Appeals Fifth Circuit.
 Jan. 15, 1965, Rehearing Denied March 9, 1965.
 
 C. O. Brown, Alexandria, La., for appellants.
 Alan S. Rosenthal, Barbara W. Deutsch, Marilyn S. Talcott, Dept. of Justice, Washington, D.C., John, W. Douglas, Asst. Atty. Gen., Edward L. Shaheen, U.S. Atty., for appellee.
 Before MARIS,[1] RIVES and BROWN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The question in this case was whether on the critical date, September 30, 1957, the applicant was totally disabled under the Social Security Act, 42 U.S.C.A. 416(i), 423. At the initial administrative proceeding, a final order was issued denying the claim. On appeal to the District Court, this order was reversed and the case remanded to the Department for further evidence and reconsideration. On the remand much additional evidence was received, but the finding again was that the applicant was not disabled within the meaning of the Act. We can assume that the recent 1960-1963 medical evidence would compel a finding of disability at that time and up to the date of the employee's death. But relevant as is post-event evidence in the judicial quest as to a prior date, the time interval was here great enough, and the nature and extent of applicant's progressively degenerating physical condition such that there was certainly nothing to compel a finding that the recent disability existed in 1957. There was substantial evidence to the contrary. Applying our regular tests, the District Court was correct in upholding the decision of the Secretary. Celebrezze v. O'Brient, 5 Cir., 1963, 323 F.2d 989; Butler v. Flemming, 5 Cir., 1961, 288 F.2d 591; Hayes v. Celebrezze, 5 Cir., 1963, 311 F.2d 648; Page v. Celebrezze, 5 Cir., 1963, 311 F.2d 757; Celebrezze v. Kelly, 5 Cir., 1964, 331 F.2d 981.
 
 
 2
 Affirmed.
 
 
 
 [1]
 Of the Third Circuit, sitting by designation