**Garnett A. FOX, Plaintiff,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education & Welfare, Defendant.**

**Civ. A. No. 70–C–26–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

Oct. 1, 1970.

Daniel W. Bird, Jr., Woods, Gleaves & Bird, Wytheville, Va., for plaintiff.

Birg E. Sergent, Asst. U. S. Atty., Roanoke, Va., for defendant.

OPINION and JUDGMENT

DALTON, Chief Judge.

This court is again faced with an individual's appeal from the denial of government disability payments. Although the claimant last met the special earnings requirement on September 30, 1964, he claims that he has been disabled since 1960.

The plaintiff has been trying to secure these benefits for a number of years. He first filed an application on March 28, 1961 which was twice denied and no further appeal was taken. On

August 15, 1962, he filed another application which alleged that disability began in April 1962. After this application was denied, the plaintiff asked for a hearing before a hearing examiner, who affirmed the denial on November 6, 1963. Another application was filed on May 22, 1964 and was subsequently denied. The same fate met another application filed on September 5, 1967. The present petition was filed on May 2, 1969 and the hearing examiner's decision denying relief became the final decision of the Secretary on January 22, 1970.

The plaintiff is precluded from asking the court to overturn the Secretary's final decision because he acquiesced in previous determinations denying benefits. The application filed on September 5, 1967 adjudicated the whole period during which the claimant met the special earnings requirements. Additionally, although the file contains a mass of medical reports, the plaintiff has not actually introduced any new evidence of disability since that determination.

[P]rior to filing the current application on [May 2, 1969], applicant had filed a previous application on [September 5, 1967]. This * * * application was denied on [December 1, 1967] and applicant took no further steps requesting a reconsideration or a hearing before a Referee. The failure to carry the matter further resulted in the decision denying disability as of [September 5, 1967] becoming res adjudicata as to the fact of non-disability on the last date on which the applicant was covered by the Act.

Rivers v. Celebrezze, 217 F.Supp. 141 (W.D.Va.1963); see James v. Gardner, 384 F.2d 784 (4th Cir. 1967), cert. denied, 390 U.S. 999, 88 S.Ct. 1205, 20 L. Ed.2d 99 (1968); Lyall v. Cohen, 297 F.Supp. 606 (W.D.Va.1969).

If the merits were reached, it appears that the claimant would still not be entitled to relief. Although Dr. Kegley stated in his May 22, 1964 report that the claimant was fully disabled, Dr. Rogers indicated in a report dated August 1, 1964 that his findings did not show a particularly serious condition. Therefore there is substantial evidence to support the Secretary's decision.

For the foregoing reasons, defendant's motion for summary judgment in his own favor is granted.

The clerk is directed to send certified copies of this opinion to the plaintiff and to the defendant.