Sherman E. SPRATLEY, Jr.

v.

Caspar WEINBERGER, Secretary of Health, Education & Welfare.

Civ. A. No. 79-73-R.

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 1, 1973.

W. V. Rennie, Petersburg, Va., for plaintiff.

Raymond Carpenter, Asst. U. S. Atty., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, Sherman E. Spratley, seeks an order reversing the defendant's determination of plaintiff's ineligibility for disability and disability insurance benefits under the Social Security Act, or, alternatively, an order remanding the case to defendant with instructions to take further evidence. Jurisdiction is alleged under 42 U.S.C. § 405(g). The case is now before the Court on defendant's motion to dismiss, and the plaintiff's reply thereto. Since affidavits and other materials have been filed in support of the motion, the Court will treat it as a motion for summary judgment. F.R.Civ.P. 12(b). On the basis of the materials submitted, the Court has determined that this matter is ripe for disposition.

On October 15, 1965, the plaintiff filed his first application for a period of disability and disability insurance benefits. This application was denied on the basis that, while plaintiff was under some disability due to a heart condition, his condition was not so severe as to qualify him for benefits under the Social Security Act since he remained able to engage in some types of work for which he was qualified. See Social Security Act, §§ 216(i), 223. Spratley was informed, however, that his insurance coverage continued until March 31, 1968, and that if his condition should worsen, he could reapply. On reconsideration his application of October 1965 was again denied.

Plaintiff subsequently requested, and was accorded, a hearing. On May 15, 1967, the administrative law judge issued a decision denying the claimed disability benefits. At the hearing plaintiff testified in his own behalf, and a wide variety of medical evidence was introduced. While some evidence supported plaintiff's claim of total disability, there was also substantial evidence that the severity and constancy of his condition did not preclude all reasonable gainful employment. On June 13, 1968, the Appeals Council, after reviewing the evidence presented at the hearing, issued a decision affirming the hearing examiner. The plaintiff was advised that he could seek judicial review within sixty days from that date (June 12, 1968), but he took no further action with respect to the application of October 15, 1965.

On June 10, 1969, Spratley filed a second application for a period of disability and disability insurance benefits. This claim was denied initially and upon reconsideration on July 22, 1969, and September 22, 1969, respectively. The plaintiff was advised that he could request a hearing, but took no further action with respect to that application.

On July 22, 1970, plaintiff filed a third application. This claim was denied initially and upon reconsideration on October 1, 1970 and June 21, 1971, respectively. After plaintiff requested a hearing, the administrative law judge noted that plaintiff had on a previous application received a full hearing and that a decision on the merits of his claim had been issued. He then denied the request finding that plaintiff had submitted no new and material evidence regarding the severity of his condition on or before March 31, 1968, when he

was last insured. The order of dismissal was issued on July 12, 1971, on the grounds of *res judicata*, pursuant to 20 C.F.R. § 404.937. The plaintiff took no further action with respect to this third application.

A fourth application was submitted on July 23, 1971, and taken through the administrative review process with similar results including the denial of a hearing in part on the grounds of no new evidence.

On May 8, 1972, the plaintiff filed his fifth and current application for a period of disability and disability insurance benefits. The claim was denied initially and upon reconsideration on May 24, 1972 and September 5, 1972, respectively. The plaintiff then requested a hearing. On September 27, 1972, the administrative law judge found that no new or material evidence regarding the severity of plaintiff's condition on or before March 31, 1968, when he was last insured, had been advanced and issued an order denying the request for a hearing, pursuant to § 404.937 of the Regulations. The plaintiff then filed a request for review of this decision. On December 14, 1972, the Appeals Council notified the plaintiff that the dismissal action was correct and that the Appeals Council decision of June 13, 1968, remained the final decision of the Department. Plaintiff then filed this action.

In order to obtain judicial review under 42 U.S.C. § 405(g), the administrative decision complained of must be a final decision of the Secretary and the civil action must be commenced within 60 days after the mailing to plaintiff of notice of such decision. This judicial remedy is exclusive. 42 U.S.C. § 405(h).

When plaintiff filed his first application, he had full opportunity at each administrative level to offer evidence concerning his disability. When plaintiff failed to file a civil action within 60 days of the Secretary's final decision on that application, appropriate judicial review of the Secretary's decision was barred. Filing of subsequent applications and final action thereon would not, under normal circumstances, affect this preclusion.

If a claimant has no right to judicial review of a decision denying him benefits unless he brings an action within sixty days of the denial, he has no right to regain it, or indefinitely extend it, by a perfunctory reassertion of his claim after expiration of the time to seek judicial review. Easley v. Finch, 431 F.2d 1351, 1353 (4th Cir. 1970). See also, Fox v. Richardson, 320 F.Supp. 870 (W.D.Va.1970).

■ District Court jurisdiction, however, is not totally eliminated by the running of the sixty day period. Two exceptions to the rule have been established: 1) where there is manifest error in the record of the prior administrative proceeding, and 2) where, in support of a new application, new and material evidence is offered which is of sufficient weight that it may result in a different determination. Harrah v. Richardson, 446 F.2d 1 (4th Cir. 1971); Leviner v. Richardson, 443 F.2d 1338 (4th Cir. 1971); Grose v. Cohen, 406 F.2d 823 (4th Cir. 1969). *Cf.* 20 C.F.R. §§ 404.957, 404.958 (1973).

As indicated in the chronology set forth above, there was no manifest error in the record of the proceedings on Spratley's first application. Medical evidence on both sides was considered and support for the hearing examiner's decision is apparent.

■■ Plaintiff was denied a hearing on his current application on the grounds of *res judicata*, pursuant to 20 C.F.R. § 404.937(a). The administrative law judge found no manifest error on the record of his previous hearing and no new and material evidence offered to justify a new hearing. See 20 C.F.R. § 404.958 (1973). Plaintiff avers that he was, by virtue of the denial of a hearing, denied an opportunity to present new evidence. While a hearing examiner is clearly authorized to take new evidence after granting a hearing, the regulations are equally clear that if he has been given no indication of the

existence of new and material evidence in a case where a hearing had previously been held on a similar application, he may deny a hearing request on the basis of *res judicata*.[1] Plaintiff has not brought to the attention of the Court any new material presented in the current application which would indicate an abuse of discretion on the part of the hearing examiner. Thus the Court has before it no grounds justifying judicial action under the "new evidence" exceptions.

 Finally, plaintiff argues that the government is estopped from asserting a plea of *res judicata* in its denial of a hearing by reason of letters dated July 31, 1972 and September 21, 1972 from the director of the Division of Reconsideration to the plaintiff. The thrust of plaintiff's argument seems to be that the government cannot promise a hearing for the taking of evidence, later deny that hearing, and then, after reliance of the plaintiff on the availability of an evidentiary hearing, argue before this court that no new and material evidence had been offered by the plaintiff. This position, while not on its face untenable, is not available as a saving feature to plaintiff by reason of the fact that the record is devoid of any assurance by the government in this regard.

The letter of July 31, 1972, stated only that upon reconsideration Spratley would have the opportunity to present his case anew. No promise of a hearing was made and the only reasonable reliance by Spratley would have been to forward any new evidence he had to the Department at this level of review.

In the letter of September 21, 1973, the Department wrote to plaintiff's counsel as follows:

Since you indicated that Mr. Spratley wishes to appeal the decision in his case, we have prepared a formal request for a hearing, a copy of which is attached. The original is being forwarded with the disability file to the administrative law judge in Richmond, Virginia. He will notify you of the time and place of the hearing.

This cannot be construed as a promise of a hearing. It is explicitly stated that what was prepared was a "formal request." Plaintiff cannot successfully argue that he thought that such a request would be routinely granted since he had had similar requests denied on July 12, 1971 and December 29, 1971, with respect to previous applications on the grounds, in part, that no new or material evidence had been offered. Since the Court does not find sufficient reasonable reliance to support a claim of estoppel, it does not reach the Department's contention that estoppel would not in any case lie against the government. *Cf.* Walker-Hill Co. v. United States, 162 F.2d 259 (7th Cir.), cert. denied, 332 U.S. 771, 68 S.Ct. 85, 92 L.Ed. 356 (1947).

For the foregoing reasons, summary judgment shall be granted for the defendant, and this action shall be dismissed.

An appropriate order shall enter.

## ORDER

In accordance with the memorandum of the Court this day filed, and deeming it just and proper so to do, it is Adjudged and Ordered that defendant's motion for summary judgment be, and the same is hereby, granted and that judgment be entered for the defendant.

---

1. 20 C.F.R. § 404.937 states: "Dismissal for cause. The Administrative Law Judge may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances: (a) Res judicata. Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party *on the same facts pertinent to the same issue or issues* which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision (see §§ 404.911, 404.918, 404.946, and 404.951)." (Emphasis added).