**Sam W. COLE**

**v.**

**SECRETARY OF HEALTH, EDUCATION AND WELFARE.**

**Civ. A. No. 18659.**

United States District Court,
W. D. Louisiana,
Alexandria Division.

Dec. 18, 1973.

**128**

Edward A. Kaplan, Alexandria, La., for plaintiff.

Donald E. Walter, U. S. Atty., and Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant.

NAUMAN S. SCOTT, District Judge:

This action has been brought pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. 405(g) to review an adverse decision of the Secretary of Health, Education and Welfare as to Cole's administrative claim for disability social security benefits. The Secretary has filed a motion to dismiss on the grounds that this court lacks jurisdiction over the subject matter and that plaintiff has failed to state a claim upon which relief can be granted. As matters outside the pleadings were presented and not excluded by the Court, the motion was converted to a Motion for Summary Judgment in accordance with F.R.Civ.P. Rule 12(b).

In this case we are not faced with the usual social security situation of determining whether the findings of the Secretary are supported by substantial evidence. Rather, the sole issue for our determination is one of law.

Plaintiff last met the special earnings requirement for entitlements of disability insurance benefits on September 30, 1970. He has alleged at all times that he became disabled on December 23, 1968.

On January 28, 1969, the plaintiff filed an application for disability insurance benefits which was denied initially on May 2, 1969. Denial of the plaintiff's claim was affirmed on reconsideration on June 9, 1969, and he was notified of his right to a hearing and his right to be represented at the hearing. The claimant took no further action on this application.

Plaintiff filed a second application for disability insurance benefits on August 21, 1970. In support of this application, additional medical reports were submitted. This claim was denied initially on October 30, 1970, and plaintiff was informed of his right to appeal and to be represented. However, plaintiff took no further action with regard to this application.

The plaintiff's third and most recent application was filed on December 17, 1971. In support of this application the plaintiff submitted additional medical reports. The application was denied initially on January 20, 1972. Denial of the plaintiff's claim was affirmed on reconsideration and he was notified of his right to appeal and to be represented. Plaintiff requested a hearing and on September 27, 1972, an Administrative Law Judge issued an order dismissing the plaintiff's request on the grounds of

*res judicata.* A copy of the dismissal order was mailed to the plaintiff and he was notified of his right to request review by the Appeals Council of the Administrative Law Judge's dismissal.

Plaintiff submitted additional evidence and requested Appeals Council review on November 15, 1972. By letter dated December 15, 1972, the plaintiff was advised that the Appeals Council had considered the law, the regulations, and the reasons plaintiff felt his claim should not have been dismissed and had concluded that the dismissal action of the Administrative Law Judge was correct. Thereupon, the plaintiff filed 'a civil action in this court on January 25, 1973, seeking to overturn the decision of the Secretary that plaintiff's current application for social security was barred by *res judicata.*

## LACK OF SUBJECT MATTER JURISDICTION

■ It is well established that an aggrieved person does not have an absolute right to judicial review of administrative proceedings. Tutun v. United States, 270 U.S. 568, 46 S.Ct. 425, 70 L. Ed. 738 (1926). However, if Congress does see fit to provide such review, it has the "power to formulate the conditions under which resort to the court may be had" and if the right provides for a special remedy, that remedy is exclusive. American Power & Light Co. v. Sec., 325 U.S. 385, 389, 65 S.Ct. 1254, 1256, 89 L.Ed. 1683, 1687 (1945); United States v. Babcock, 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011 (1919); NLRB v. Cheney Cal. Lumber Co., 327 U.S. 385, 66 S.Ct. 553, 90 L.Ed. 739 (1946).

Congress has explicitly set forth in 42 U.S.C. 405(g) the conditions under which a person aggrieved may seek judicial review of an administrative hearing held pursuant to Title II of the Social Security Act:

"Any individual, after any final decision of the Secretary may *after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within *60 days* after the mailing to him of notice of such decision or within such further time as the Secretary may allow * * *". (Emphasis supplied).

■ As stated clearly in the above quoted section, a person has a right to seek judicial review *only* after a hearing is held by the Secretary and a "final" decision is rendered. Accordingly, since plaintiff's request for a hearing was dismissed, there is no judicially reviewable final decision after a hearing as required by 42 U.S.C. 405(g).[1]

"To allow relitigation of plaintiff's claim after his failing to obtain court review under the procedures and within the time limits provided by law would run counter to the purposes and intent of the Social Security Act. Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954); Cf. S. E. C. v. La. Public Service Commission, 353 U.S. 368, 77 S.Ct. 855, 1 L.Ed.2d 897 (1957)." Rushing v. Finch, 310 F.Supp. 848 (W.D.La.1970).

## FAILURE TO STATE A CLAIM

In his order of September 27, 1972 dismissing the application of the plaintiff on the grounds of *res judicata,*[2] the Hearing Examiner stated:

"After carefully considering the entire record, the undersigned finds and

---

1. 42 U.S.C. § 405(h): "The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. * * *"

2. 20 C.F.R. § 404.937 reads as follows: "The Hearing Examiner may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances: '(a) Res Judicata. Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party

concludes that there is no new and material evidence probative of the issue of disability on or before September 30, 1970, the day claimant was last insured insured for disability insurance benefits, and that therefore the current application and requests for hearing involves the rights of the same party on the same facts and issues as the prior decision of the Secretary issued on October 30, 1970, which is final and binding on the claimant. Accordingly, claimant's request for hearing filed on July 31, 1972, is hereby dismissed as to all issues, under authority of Section 404.-937(a) of the Social Security Regulations. The determinations of the Administration remain in full force and effect."

Application of the doctrine of *res judicata* to claims arising under Title II of the Social Security Act is well recognized. Harrah v. Richardson, 446 F.2d 1 (4th Cir. 1971); Easley v. Finch, 431 F.2d 1351 (4th Cir. 1970); Domozik v. Cohen, 413 F.2d 5 (3rd Cir. 1969); James v. Gardner, 384 F.2d 784 (4th Cir. 1967); Sangster v. Gardner, 374 F.2d 498 (6th Cir. 1967). In particular, it has been held that where the facts and issues in the same period of time is involved in both claims, *res judicata* properly may be invoked as support for dismissal of the hearing request on the subsequent application and for preclusion of judicial review of the dismissal action. Peoples v. Richardson, 455 F.2d 924 (4th Cir. 1971); Rushing v. Finch, *supra;* Fox v. Richardson, 320 F.Supp. 870 (W.D.Va.1970); Salyers v. Celebrezze, 214 F.Supp. 834 (W.D.Va.1962). *Res judicata* has been accepted as indispensable to the proper and orderly administration of Title II because otherwise, claims might go on ad infinitum, thereby nullifying the provisions of Section 205(g) of the Act which specify the condition under which judicial review may be obtained. Easley v. Finch, *supra*; Hob-

by v. Hodges, 215 F.2d 754 (10th Cir. 1954); Rushing v. Finch, *supra*; Fyfe v. Finch, 311 F.Supp. 552 (W.D.Pa. 1970).

■ The plaintiff in this action last met the insured status requirements of the Act for disability purposes on September 30, 1970. Disability occurring after that date cannot establish entitlement to benefits. Sections 216(i)(3) and 223(c) of the Act, 42 U.S.C. 416(i)(3) and 423(c). Davion v. Celebrezze, 340 F.2d 606 (5th Cir. 1965); Harrison v. Richardson, 448 F.2d 638 (6th Cir. 1971); Steimer v. Gardner, 395 F.2d 197 (9th Cir. 1968); Henry v. Gardner, 381 F.2d 191 (6th Cir. 1967).

■ Adjudication of the plaintiff's second application established that he was not under a "disability" as defined in Sections 216(i) and 223 of the Social Security Act. Because the administrative decision of October 30, 1970 with respect to plaintiff's second application clearly considered the entire period during which a period of disability could have been established for the plaintiff, the current application of December 17, 1971 was dismissed by the Secretary on the ground of *res judicata*. Leviner v. Richardson, 443 F.2d 1338 (4th Cir. 1971); Domozik v. Cohen, *supra*.

Although the claimant did introduce some additional medical evidence with his most recent application, it was found by the Hearing Examiner to be "no new medical evidence whatsoever". Because this application embraces the same facts and issues and covers the same period of time that the prior application already adjudicated, we find that the dismissal action by the Secretary was correct. The decision on plaintiff's earlier application stands as the final determination, Hobby v. Hodges, *supra*.

Defendant's Motion to Dismiss is hereby granted. Defendant should submit a judgment for execution in accordance with Local Rule 9(e).

on the same facts pertinent to the same issue or issues which has become final either by judicial affirments, or, without judicial consideration, upon the claimant's failure

timely to request reconsideration, hearing or review, or to commence a civil action with respect to such determination or decision. * * *".