Angelina **CABALLERO**, Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. No. 75–1219.**

United States District Court,
D. Puerto Rico.

April 14, 1977.

Máximo Ortiz Rodríguez, Bayamón, P. R., for plaintiff.

Julio Morales Sánchez, U. S. Atty., San Juan, P. R., for defendant.

OPINION AND ORDER

PESQUERA, District Judge.

This is an action brought by plaintiff pursuant to Section 205(g) of the Social Security Act (hereinafter referred to as the Act), as amended, 42 USC 405(g), to obtain

**4**

judicial review of the denial by the defendant, the Secretary of Health, Education and Welfare (hereinafter referred to as the Secretary), of her claim for a period of disability and disability insurance benefits.

The issue in the case herein is whether the same should be dismissed for lack of jurisdiction over the subject matter.

Plaintiff is a 48 year old female who has a high school education and 1½ years of nurse training. She alleges disability as of 1967 due to arthritis, nervousness and pain. She has met the special earning requirements of the Act as of September 30, 1969.

Plaintiff filed the current application for disability on August 16, 1973. She seeks judicial review of the same alleging that the determination of the Secretary is not supported by substantial evidence on the record as a whole. She had previously filed an application for disability insurance benefits on December 4, 1969. The same was denied initially and upon reconsideration on February 2, 1970 and October 5, 1970 respectively. Plaintiff pursued no further action regarding the adverse decision by the Secretary, and consequently failed to exhaust the administrative remedies that were available to her under the Act and the Regulations. The Secretary alleges that the final decision on plaintiff's first application constitutes *res judicata* of the issues raised on her current application.

According to Section 404.937 (20 CFR 404.937):

"*Dismissal for cause*—The hearing examiner may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:

(a) *Res Judicata*—Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision."

It is established that a subsequent application for disability benefits which embraces the same facts and that covers the same period of time as the prior application already denied is properly denied on the grounds of *res judicata*. *Cole v. Secretary of Health, Education and Welfare*, 369 F.Supp. 127 (D.C.La.1973); *Domozik v. Cohen*, 413 F.2d 5 (7 Cir. 1969); *Easley v. Finch*, 431 F.2d 1351 (4 Cir. 1970); *Spratley v. Weinberger*, 365 F.Supp. 524 (E.D.Va. 1973). Since the application made on December 4, 1969 became final when plaintiff took no further action upon denial of the claim (20 CFR 404.908), and since the subsequent application made on August 16, 1973, embraces the same facts and issues, and covers the same period of time as the prior application already adjudicated, the denial of plaintiff's claim by the administrative law judge on grounds of *res judicata*, stands as the correct decision.

In order to reopen the final determinations and decisions of the hearing examiner, Section 404.957 of the Regulations (20 CFR 404.957) states the same may be reopened if:

"(a) . . .

(b) After such 12-month period, but within 4 years after the date of the notice of the initial determination, . . ., upon a finding of *good cause* for reopening such determination or decision . . ." (emphasis supplied)

Section 404.958 (20 CFR 404.958) defines what is meant by "*good cause*" as:

"Good cause" shall be deemed to exist where:

(a) New and material evidence is furnished after notice to the party to the initial determination;

(b) A clerical error has been made in the computation or recomputation of benefits.

(c) There is an error as to such determination or decision on the face of the evidence on which such determination or decision is based.

Pursuant to the provisions of Section 404.957(b) quoted above, plaintiff submitted new evidence together with his second and current application, and alleged that the

same constitute good cause, within the meaning of the Regulations, to reopen the prior adverse decision by the Secretary. The administrative law judge, after a hearing, determined in his findings that such evidence did not establish the "good cause" required by the Regulations to reopen a prior decision.

The opportunities that are afforded to the plaintiff to reopen a final decision by the Secretary are provided by the Regulations and not by the Act. Congress decided to limit judicial review to the original adverse decision in order to prevent repetitive litigation. The judicial review available under Section 205(g) does not authorize review of the Secretary's final decision not to reopen claims for benefits unless such decision is challenged on constitutional grounds. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

For the above stated reasons, it is hereby concluded there is no judicial review available under the aforementioned section of the Act, and therefore this Court is without jurisdiction to entertain the present case. It is further ORDERED, ADJUDGED and DECREED that the instant case be and it is hereby dismissed.