Wilma I. STEWART, Plaintiff,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. 77–2038.

United States District Court, D. Kansas.

Nov. 22, 1978.

James T. Wigglesworth and Dana M. Harris, Rainey, Wigglesworth & Duwe, Overland Park, Kan., for plaintiff.

Douglas B. Comer, Asst. U. S. Atty., Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

This action is presently before the court on cross-motions of the parties for summary judgment. Plaintiff brought the action pursuant to 42 U.S.C. § 405(g) and 5 U.S.C. § 706 to review an adverse decision of the Secretary of Health, Education, and Welfare as to Stewart's administrative claim for disability social security benefits.

In this case we are not faced with the usual social security situation of determining whether the findings of the Secretary are supported by substantial evidence. Rather, we must determine whether plaintiff's second application is barred by the principle of administrative *res judicata* and whether the decision of the Administrative Law Judge not to reopen plaintiff's previous application is subject to judicial review.

Plaintiff first filed to obtain disability insurance benefits pursuant to 42 U.S.C. § 423 on December 27, 1971. It was determined that she would have to show her disability existed prior to March 31, 1972, when she last met the earnings requirement of the law. She alleged disability since January 1, 1971. This application was denied both initially and after requested reconsideration. Upon plaintiff's request a hearing was held before an Administrative Law Judge. The Administrative Law Judge issued a decision on February 9, 1973, denying her claim. After Appeals Council review was requested, the decision of the Administrative Law Judge was affirmed on April 5, 1973. No review was sought in federal court on this decision.

On April 3, 1975, plaintiff filed a second application for disability insurance benefits alleging disability since January 1, 1971. This is the same disability onset date as in the earlier application. This second application was denied both initially and after requested reconsideration by the Social Security Administration. The Administration found that plaintiff's second application was based on the same facts as those considered in connection with the first application. Consequently, the final decision on the first application remained in effect. Pursuant to request, a hearing was held on July 20, 1976. The Administrative Law Judge found plaintiff's second application barred by the final decision of the first application. Furthermore, the Administrative Law Judge found no new and material evidence was presented that would warrant reopening the first application and changing the decision that plaintiff was not disabled within the meaning of the Social Security Act at any time on or before March 31, 1972. Upon request the Appeals Council considered and affirmed the decision of the Administrative Law Judge. Plaintiff filed this action within 60 days of notice of that decision.

We have carefully considered the transcripts, exhibits, administrative record,

pleadings and arguments of counsel and are prepared to rule on these motions for summary judgment.

We first consider the propriety of administrative *res judicata* to plaintiff's second application. Social Security Administration regulations provide:

"§ 404.937 *Dismissal for cause.*

The presiding officer may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:

(a) *Res judicata.* Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision." 20 C.F.R. § 404.937(a).

"It is established that a subsequent application for disability benefits which embraces the same facts and that covers the same period of time as the prior application already denied is properly denied on the grounds of *res judicata*." *Cabellero v. Secretary of Health, Education, and Welfare,* 440 F.Supp. 3 (D.P.R.1977), *citing Cole v. Secretary of Health, Education, and Welfare,* 369 F.Supp. 127 (D.La.1973); *Domozik v. Cohen,* 413 F.2d 5 (7th Cir. 1969); *Easley v. Finch,* 431 F.2d 1351 (4th Cir. 1970); *Spratley v. Weinberger,* 365 F.Supp. 524 (E.D.Va.1973). This position has also been adopted by the Tenth Circuit. *Neighbors v. Secretary of Health, Education and Welfare,* 511 F.2d 80 (10th Cir. 1974).

■ The decision on the December 27, 1971 application became final when plaintiff took no further action upon denial of the claim. 20 C.F.R. § 404.951. The subsequent application of April 3, 1975, embraced the same facts and issues and covered the same period of time, January 1, 1971 to March 31, 1972. The hearing on the second application was within the discretion of the Administrative Law Judge. 20 C.F.R. § 404.937. The denial of plaintiff's claim on grounds of *res judicata* stands as the correct decision.

We now consider whether the Administrative Law Judge's finding of no good cause for reopening plaintiff's initial application is reviewable by this court. If no hearing had been held on the second application, *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), would clearly preclude judicial review. Plaintiff's right to judicial review exists, if at all, under 42 U.S.C. § 405(g). *Sanders, supra.* In pertinent part, that subsection reads,

"(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow . . . ."

Plaintiff argues the plain language of this subsection requires judicial review in the instant case. We do not agree.

Our decision turns on the nature of the hearing on the second application. If that hearing were a mandatory hearing upon request of the claimant under 42 U.S.C. § 405(b) then judicial review would be available. However, if the hearing were merely allowed at the discretion of the Secretary, judicial review would not be available under 42 U.S.C. § 405(g). "[T]he opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's regulations and not by the Social Security Act. Moreover, an interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g) [42 U.S.C. § 405(g)], to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. 20 CFR § 404.951 (1976). Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously

designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice." *Sanders, supra* at 108, 97 S.Ct. at 986.

■ Accordingly, we find the decision of the Secretary not to reopen plaintiff's initial application is not reviewable. To review such decisions merely because a discretionary hearing has been allowed would be inconsistent with the reasoning of *Sanders*. Furthermore, it could well discourage the Social Security Administration from making such discretionary inquiries.

■ Our disposition of the case is based upon lack of jurisdiction. *Sanders, supra; Neighbors, supra.* The final decision for which judicial review was available occurred when the Appeals Council affirmed the Administrative Law Judge's denial of disability insurance benefits on April 5, 1973. Judicial review was not sought within sixty days. There has been no "final decision" by the Secretary since that time triggering judicial review under 42 U.S.C. § 405(g). The filing of a second and substantially identical application for disability benefits will not allow plaintiff to circumvent the Act's requirement that judicial review be sought within sixty days of the final decision on the first application. *Neighbors, supra.* Furthermore, jurisdiction is not available under the Administrative Procedures Act, 5 U.S.C. § 706. *Sanders, supra.*

Although the basis for our decision is lack of jurisdiction, summary judgment is proper in this case. We have considered the transcripts, exhibits, and administrative record in determining that administrative *res judicata* was properly applied.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment be and hereby is sustained and plaintiff's motion for summary judgment be and hereby is overruled. Counsel for defendant is directed to prepare, circulate and forward to the court a Journal Entry of Judgment reflecting the holding of this court.