**Winnifred MARCHANT, Plaintiff,**

v.

**Joseph CALIFANO, Secretary of Health, Education, and Welfare, Defendant.**

**No. LR-C-77-335.**

United States District Court, E. D. Arkansas, W. D.

Feb. 13, 1979.

924

Winnifred Marchant, pro se.

Doug Chavis, Asst. U. S. Atty., Little Rock, Ark., for defendant.

MEMORANDUM OPINION

ARNOLD, District Judge.

Pursuant to 42 U.S.C. § 405(g), plaintiff Winnifred Marchant filed suit for judicial review of the Secretary's decision dismissing her third application for disability benefits.[1] The defendant filed a motion to dismiss the complaint on jurisdictional grounds, to wit, that the suit does not seek to review a "final decision of the Secretary made after a hearing," a prerequisite to judicial review under 42 U.S.C. § 405(g) as interpreted in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

The pertinent procedural facts with regard to plaintiff's three applications for disability benefits do not appear to be in dispute. Plaintiff was last insured for the period ending March 31, 1973. On June 27, 1973, she filed her first application, which was denied because the evidence was found insufficient to show disability on or before March 31, 1973. On March 1, 1974, on reconsideration, this decision was affirmed on the same ground. Plaintiff did not then exercise her right to request a hearing and sought no further review. This March 1, 1974, denial then became a final decision of the Secretary. 20 C.F.R. § 404.940.

Plaintiff filed a second application for benefits on October 30, 1974. This application was denied initially, and on May 2, 1975, it was denied on reconsideration. Plaintiff again did not request a hearing.

Plaintiff chose to file yet a third application on April 14, 1976. It was denied initially and on reconsideration, but this time plaintiff filed a timely request for a hearing. On March 14, 1977, an Administrative Law Judge held a hearing to determine whether to reopen the previous decisions and grant a hearing on the merits. Plaintiff apparently was represented by counsel

---

1. On February 21, 1978, plaintiff filed a handwritten document with the clerk asking the Court to enjoin a reduction in her Supplemental Security Income benefits. On February 27, 1978, plaintiff filed a letter from an H.E.W. representative which confirmed the reduction. The record contains no indication that this action was challenged administratively by the plaintiff and it is not properly before the Court.

and submitted additional medical evidence. On April 18, 1977, the judge rendered a decision dismissing plaintiff's hearing request and refusing to reopen her previous claims. He found that the reconsidered denials of her first and second applications were final and "adjudicative of her lack of entitlement to a period of disability and disability insurance benefits." He found further that the "new and material evidence" plaintiff submitted, which had not been considered during the pendency of the first two applications, was not sufficient to show either that plaintiff was disabled on or before March 31, 1973, or that the denials of her first and second applications "constituted an error on the face of the evidence."

On October 31, 1977, the Appeals Council affirmed the dismissal, pointing out that the reconsidered denial on March 1, 1974, of the first application would stand as the final determination of the Secretary. This suit followed on November 22, 1977.

██ The issue presented is whether this Court has jurisdiction to review the Secretary's decision, which dismissed on *res judicata* grounds plaintiff's request for a hearing and refused to reopen her claim. District Courts have jurisdiction only to the extent granted by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual, after a final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action
>
> . . . . .

This statute does not authorize judicial review of a final decision of the Secretary dismissing a hearing request or refusing to reopen a claim for benefits. *Califano v. Sanders, supra ; Janka v. Secretary of H. E. W.,* 589 F.2d 365 (8th Cir. 1978); *Matos v. Secretary of H. E. W.,* 581 F.2d 282 (1st Cir. 1978). Thus, in order to oppose successfully defendant's motion to dismiss plaintiff somehow must show that her case is not controlled by this clear precedent.

██ Plaintiff is not represented by counsel on this appeal, so the Court is without the benefit of legal argument on her behalf.

It might be argued, however, that the hearing held on March 14, 1977, to determine whether to reopen her claim was a "hearing" within the meaning of 42 U.S.C. § 405(g); if so, the decision which followed would be a "final decision of the Secretary made after a hearing" and would therefore be reviewable in this Court. This argument has been rejected persuasively by other courts:

> On a strictly literal reading, § 405(g) could be interpreted as applying to any final decision of the Secretary that was handed down after a hearing, albeit a hearing not required by the statute. Such an interpretation, however, would be unnatural and unsound . . . . . (T)he reasonable reading of § 405(g) is that it was intended to apply to a final decision rendered after a hearing thus made mandatory, not to a decision which could lawfully have been made without any hearing at all and in that event plainly would not have come under the terms of the section. No sufficient reason appears why the Congress that adopted the Social Security Act would have wished § 405(g) to apply when the agency gave an applicant the benefit of a hearing and an administrative appeal not required by the statute, but not when it had done less to assure a fair disposition; the only possible basis that occurs to us, the presence of a record in the former case, does not seem enough. Indeed, the broader reading could operate adversely to claimants generally since if a nonmandatory hearing would entail judicial review not otherwise available, this might deter the agency from giving a procedural benefit which the statute does not demand.

*Cappadora v. Celebrezze,* 356 F.2d 1, 4–5 (2d Cir. 1966). See *Ortega v. Weinberger,* 516 F.2d 1005 (5th Cir. 1975). Cf. *Califano v. Sanders, supra,* 430 U.S. at 108, 97 S.Ct. 980. Compare *Caballero v. Secretary of H. E. W.,* 440 F.Supp. 3 (D.P.R.1977). The decision to dismiss plaintiff's hearing request and not reopen her claim could have been made without a hearing. Plaintiff had no right to the March 14, 1977, hearing, and

the one that was held was not the type contemplated by § 405(g).

There being no other jurisdictional basis for review, *Califano v. Sanders, supra,* the Court concludes that the motion to dismiss should be granted. By limiting judicial review, Congress indicated that the Secretary should have the discretion to dismiss repetitive claims. Allowing judicial review here would frustrate the congressional purpose of § 405(g) to impose a 60-day limitation upon judicial review of the Secretary's final decision on plaintiff's initial application. Plaintiff was not treated unfairly by the Secretary. She could have exercised her right to a hearing following the reconsidered denial of her first application. She did not take advantage of that opportunity.

The motion to dismiss is granted, and the complaint is hereby dismissed.