Aida M. RIOS, Plaintiff, Appellant,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE,
Defendant, Appellee.

No. 79–1379.

United States Court of Appeals,
First Circuit.

Submitted Dec. 6, 1979.

Decided Jan. 31, 1980.

Rafael Carreras Valle, Rio Piedras, P. R., on brief for appellant.

Jose A. Quiles, U. S. Atty., and Jose A. Acosta-Grubb, Asst. U. S. Atty., San Juan, P. R., on brief for appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

Aida M. Rios appeals from the district court's dismissal of her challenge to the Social Security Administration's 1978 denial of her disability claim. The record shows that Mrs. Rios first filed a claim in September 1973 alleging that a lower back condition had made her unable to work in 1972. Upon initial consideration and on reconsideration, the claim was denied by the Social Security Administration. Mrs. Rios sought no administrative hearing or judicial review. In 1976 she filed a second application for benefits based on the same June 1972 alleged disability. This was denied administratively and Mrs. Rios sought no reconsideration or judicial review.

Mrs. Rios' third claim, the subject of this appeal, was filed on February 25, 1977. Pursuant to her request, an administrative law judge (ALJ) held a hearing on June 2, 1978. He accepted several new documents containing medical evidence bearing on Mrs. Rios' back. The ALJ then dismissed her "Request for Hearing" on grounds of res judicata, see 20 C.F.R. §§ 404.911, .918, .946, .951, and failure to produce such new and material evidence as would justify reopening the case, see 20 C.F.R. § 404.-957(b). The Appeals Council of the Social Security Administration affirmed the dismissal stating that "the determination dated March 4, 1974, stands as the final determination of the Secretary."

The district court dismissed Mrs. Rios' claim on the authority of Matos v. Secre-

tary of HEW, 581 F.2d 282 (1st Cir. 1978), where we held that a res judicata dismissal without a hearing was not a "final decision of the Secretary made after a hearing," 42 U.S.C. § 405(g), the necessary prerequisite to district court jurisdiction. The present case is distinguishable from Matos, however, for here an ALJ hearing did precede the dismissal on grounds of res judicata and insufficient new evidence.[1]

The present case appears to fit literally within the language of § 405(g) authorizing judicial review of "any final decision of the Secretary made after a hearing . . .." Nevertheless, we hold that the district court was without jurisdiction.

In language broad enough to encompass post-hearing claims, the Supreme Court ruled in Califano v. Sanders, 430 U.S. 99, 107–08, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977), "that § [4]05(g) cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits." This is so principally because the "final decision of the Secretary" refers to the initial substantive decision of the Secretary on the benefits claim. See id. at 107–08 n.8, 97 S.Ct. 980 (citing cases); Carney v. Califano, 598 F.2d 472 (8th Cir. 1979); Filice v. Celebrezze, 319 F.2d 443, 445–46 (9th Cir. 1963); Marchant v. Califano, 464 F.Supp. 923 (E.D. Ark.1979); Stewart v. Califano, 462 F.Supp. 158 (D.Kan.1978). Compare Starcher v. Califano, 464 F.Supp. 997 (N.D.W.Va.1979) with Farley v. Califano, 599 F.2d 606 (4th Cir. 1979). Furthermore, the Supreme Court has suggested quite strongly that the type of "hearing" referred to in § 405(g) is limited to those mandated by the Act. A purely discretionary hearing such as that held here for purposes of receiving allegedly new and material evidence is not a "hearing" within the meaning of § 405(g). See

---

1. The question presented for decision in Matos v. Secretary of HEW, 581 F.2d 282, 284 (1st Cir. 1978), was whether jurisdiction existed to review "a denial, based on either res judicata or a decision not to reopen, of a claim for disability benefits, where the decision was not made after a hearing." We do not fault the

district court for relying on Matos. An affidavit in the record executed by an official of HEW and quoted by the court, failed to state that a hearing had been held before the ALJ dismissed Mrs. Rios' request to reopen consideration of her claim. In fact, the ALJ dismissed after a hearing.

*Califano v. Sanders, supra,* 430 U.S. at 108, 97 S.Ct. 980.

For these reasons we conclude that the district court was without jurisdiction.

*Affirmed.*