Louis Guzman COLON, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. No. 82–0537 HL.

United States District Court,
D. Puerto Rico.

July 9, 1984.

Rafael Carreras Valle, Rio Piedras, P.R., for plaintiff.

Daniel F. Lopez Romo, U.S. Atty., San Juan, P.R., for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

This is an action brought under Section 205(g) of the Social Security Act (the Act), for review of the final decision of the Secretary of Health and Human Services (the Secretary) dismissing plaintiff's request for administrative hearing as *res judicata*. Defendant has moved to dismiss this case for lack of jurisdiction and plaintiff has opposed this motion.

Plaintiff applied for disability benefits on August 11, 1975 (Tr. 16–19). This application was denied initially and on reconsideration on October 23, 1975 (Tr. 20, 23). After an administrative hearing where plaintiff appeared assisted by counsel and extensive

medical evidence was considered, the Administrative Law Judge (ALJ) rendered his decision on January 27, 1977, finding that plaintiff was not disabled at any time prior to September 30, 1976 when his insured period expired (Tr. 113–124). This decision became the final decision of the Secretary when it was affirmed by the Appeals Council on April 14, 1977 (Tr. 141). No judicial review was sought afterwards.

On December 27, 1977, plaintiff filed his second application for disability benefits (Tr. 126–129). This application was dismissed on *res judicata* grounds after the ALJ examined the evidence submitted and found that it was merely cumulative and that it raised no grounds for reopening. (Tr. 140–143.)

A third application was filed by plaintiff on May 16, 1979 (Tr. 144–147). The hearing request was again dismissed as *res judicata* after considering the evidence submitted as grounds for reopening (Tr. 189–194).

A fourth application has been filed again seeking disability benefits during the same period of time already adjudicated and revised on two prior occasions. (Tr. 199–202.) This last application has been denied at all stages of the administrative proceedings as *res judicata.* Plaintiff now seeks judicial review of the Secretary's denial to reopen his prior decision. Plaintiff in essence claims that his constitutional right to due process has been violated.

■ It is widely recognized that *res judicata* attaches to a final decision by the Secretary denying Social Security benefits. *Ruiz Olan v. Secretary of Health, Education and Welfare,* 511 F.2d 1056 (1st Cir. 1975).

■ The decision of the Secretary is final and binding unless it is reviewed by the Court within the statutory time. 20 CFR Sec. 404.981. Since plaintiff sought no judicial review of the decision of the Appeals Council on April 14, 1977, that decision is a final one to which *res judicata* properly attached.

Under certain circumstances the Secretary, in his discretion, may reopen a prior and final decision. New and material evidence which would likely change the original decision may serve as basis for a reopening. 20 CFR Sec. 404.987–404.989.

■ The Secretary's determination that there was no new and material evidence presented that would justify reopening claimant's case is not a reviewable decision by this Court.

In the case of *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the United States Supreme Court emphatically held that Section 405(g), Title 42 U.S.C., does not authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims of social security benefits. The Court stated that "Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of state eligibility claims. Unless the Secretary's decision is challenged on constitutional grounds, we lack subject matter jurisdiction to review the Secretary's dismissal of plaintiff's request for hearing based on *res judicata. Rios v. Secretary of Health, Education and Welfare,* 614 F.2d 25 (1st Cir.1980); *Matos v. Secretary of Health, Education and Welfare,* 581 F.2d 282 (1st Cir.1978).

■ Plaintiff has not advanced any grounds for his constitutional claim. He was represented by counsel through all the administrative proceedings the first time he applied for disability insurance benefits. Ample evidence was presented and the Secretary considered it carefully before reaching his decision. Plaintiff has also had counsel at his other ventures at the administrative agency. Twice the Secretary has considered additional evidence presented for reopening the case. Therefore, mere conclusory allegations of violation of constitutional rights are insufficient to review the Secretary's final decision. *Falu v. Secretary of Health and Human Services,* 703 F.2d 24 (1st Cir.1983).

■ A motion has been filed by plaintiff's heirs claiming that due to his emotional condition plaintiff committed suicide drowning in a river. In order to be entitled to disability insurance benefits, plaintiff must establish that his impairment reached disabling severity on or before September 30, 1976, when his insured period expired. It is well settled that an impairment which reaches disabling severity after the expiration of the insured period cannot be the basis for a finding of disability even though the condition itself existed prior to the expiration of the insured status. *Deblois v. Secretary of Health and Human Services,* 686 F.2d 76 (1st Cir.1982).

WHEREFORE, defendant's motion is hereby GRANTED and this case is hereby dismissed for lack of jurisdiction. The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.