Lee v. SSA                          CV-00-477-M    01/03/02

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Alan D. Lee,
     Claimant

     v.                                      Civil No. 00-477-M
                                             Opinion No. 2002 DNH 002

Jo Anne B. Barnhart, Commissioner,
Social Security Administration,
     Respondent


**O R D E R**


     Claimant, Alan D. Lee,[1] brings this action seeking an order

reversing the Commissioner's dismissal of his most recent

application for disability insurance benefits under Title II of

the Social Security Act (the "Act").  In response, the

Commissioner says the court lacks subject matter jurisdiction

over this dispute and, therefore, moves to dismiss.

---

     [1]    Claimant's counsel refers to him as both "Alan D. Lee"
and "Alan Lee D."  Compare Claimant's objection to motion to
dismiss (document no. 9) and objection to motion to reopen
(document no 6) with Claimant's complaint (document no. 1).
Because the Social Security Administration has consistently
referred to claimant as "Alan D. Lee," the court has done so as
well.

## Background

The facts underlying this action are undisputed. <u>See</u> Claimant's objection (document no. 9) at para. 1. In February of 1996, proceeding pro se, claimant filed an application for disability insurance benefits. On June 13, 1996, claimant's application was denied at the initial level of administrative review, based upon a finding that he was not disabled at any time prior to the expiration of his insured status (March 31, 1996). Claimant did not request further administrative (or judicial) review of that denial.

In December of 1997 (i.e., after his insured status had expired), claimant filed a second application for disability insurance benefits, saying "new and material" evidence had come to light that supported his initial claim for benefits by showing that, contrary to the Commissioner's original decision, he was disabled prior to March 31, 1996. That application was denied both initially and on reconsideration. Claimant then requested a hearing before an Administrative Law Judge.

2

On May 21, 1999, accompanied by his wife and attorney, claimant appeared and testified at a hearing before an ALJ.  The ALJ treated claimant's application as both an effort to reopen the earlier (1996) adverse disability decision and a second application for disability benefits.  After considering claimant's testimony and reviewing the new evidence he submitted, the ALJ concluded that:

> the evidence regarding [claimant's post traumatic stress syndrome], while it may be new, is not material. There is no evidence that claimant's symptoms were anything more than fleeting before [his insured status expired in] March, 1996.  Although symptoms have increased to the point where treatment was required in 1998, the record does not show that PTSD significantly impacted claimant's ability to perform basic work-related activities prior to March 31, 1996.

Exhibit 1 to Affidavit of John J. Timlin, ALJ Decision of June 21, 1999, at 3.


Having concluded that "there is no new and material evidence relating to the previously adjudicated period," the ALJ declined to reopen or revise the decision denying claimant's first application for disability benefits.  Id., at 3-4.  See also  20 C.F.R. §§ 404.987 through 404.989 (discussing the circumstances

3

under which an otherwise final and binding decision denying benefits may be reopened).  Next, treating claimant's request as a second application for disability benefits, the ALJ concluded that it must be dismissed on grounds of administrative res judicata.  ALJ decision at 3-4.  See also  20 C.F.R. § 404.957(c)(1) (providing that res judicata applies when the Commissioner "has made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action.").

On August 19, 2000, the Appeals Council denied claimant's request that it review the ALJ's decision.  Claimant then filed this action, seeking an order reversing the ALJ's decision.

## Discussion

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides the exclusive means by which dissatisfied claimants may obtain judicial review of adverse disability rulings issued by the Commissioner.  See 42 U.S.C. § 405(h).  It provides, in pertinent part, that, "Any individual, after any

final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain [judicial] review of such decision." (emphasis supplied).

This case presents three related questions. First, whether the Commissioner's decision to deny claimant's request to reopen his initial application for benefits constitutes a "final decision of the Commissioner," subject to judicial review under section 405(g). Second, whether the Commissioner's decision to dismiss claimant's second application on grounds of res judicata constitutes a reviewable final order. And, finally, regardless of the answer to those questions, whether the ALJ's adverse decision in this particular case is nonetheless a reviewable final order, since it was issued only after the ALJ conducted a hearing at which claimant testified. Unfortunately for claimant, the answer to each question is "no." Consequently, the court lacks subject matter jurisdiction over the claims raised in his complaint.

5

I.  Administrative Decisions Not to Reopen Earlier Claims.

In Califano v. Sanders, 430 U.S. 99 (1977), the Supreme Court resolved the first of the three questions presented in this case, holding that neither the Social Security Act nor the Administrative Procedure Act vests district courts with subject matter jurisdiction to review the Commissioner's discretionary decision not to reopen a previously adjudicated claim for Social Security benefits.  Id., at 107-08.  The Court concluded that the Social Security Act:

> clearly limits judicial review to a particular type of agency action, a "final decision of the [Commissioner] made after a hearing."  But a petition to reopen a prior final decision may be denied without a hearing as provided in 42 U.S.C. § 405(b).  Indeed, the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the [Commissioner's] regulations and not by the Social Security Act.  Moreover, an interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in [42 U.S.C. § 405(g)], to impose a 60-day limitation upon judicial review of the [Commissioner's] final decision on the initial claim for benefits.  Congress' determination to so limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims.  Our duty, of course, is to respect that choice.

_Id._ at 108.[2]  _See also_ _Colon v. Secretary of Health and Human Services_, 877 F.2d 148, 152 (1st Cir. 1989) ("neither the Social Security Act nor the Administrative Procedure Act authorizes judicial review of a final decision of the [Commissioner] not to reopen a claim of benefits."). Consequently, this court lacks jurisdiction to review the ALJ's decision not to reopen claimant's original application for disability benefits.

II.  _Res Judicata and Dismissal of Subsequent Petitions_.

As to decisions by the Commissioner dismissing second or subsequent applications for disability benefits on grounds of res judicata, the court lacks subject matter jurisdiction to review them as well.  _See_ _Torres v. Secretary of Health and Human Services_, 845 F.2d 1136, 1138 (1st Cir. 1988) ("Absent a colorable constitutional claim not present here, a district court does not have jurisdiction to review the [Commissioner's] discretionary decision not to reopen an earlier adjudication. Similarly, a dismissal of a hearing request on res judicata

---

[2]  The Court acknowledged the possibility that in certain "rare instances," district courts might have jurisdiction over challenges to the Commissioner's refusal to reopen prior petitions for benefits, when such challenges raise constitutional issues. _Califano_, 430 U.S. at 109.  Here, however, claimant advances no constitutional claims in his complaint.

7

grounds, where the current claim has the same factual basis as the earlier decision, is not reviewable.") (citation omitted); Matos v. Secretary of Health, Education and Welfare, 581 F.2d 282, 286 (1st Cir. 1978) ("In light of the rationale in Sanders, we hold that this court is without jurisdiction to examine appellant's claim which was denied as res judicata.").

III. Judicial Review After Administrative Hearings.

As noted above, section 405(g) provides that a claimant may seek judicial review of "final orders" of the Commissioner that have been issued "after a hearing to which he was a party." Relying on a literal reading of that language, claimant mistakenly (but, perhaps, understandably) argues that since the ALJ conducted a "hearing" on his second application for benefits, 42 U.S.C. § 405(g) specifically vests this court with jurisdiction to entertain his challenge to the ALJ's decision. The Court of Appeals for the First Circuit has, however, repeatedly rejected that very argument.

In Rios v. Secretary of Health, Education and Welfare, 614 F.2d 25 (1st Cir. 1980), the court of appeals addressed precisely

the argument advanced in this case and conceded that, because the ALJ issued his adverse ruling only after conducting a hearing, "[t]he present case appears to fit literally within the language of § 405(g) authorizing judicial review of 'any final decision of the [Commissioner] made after a hearing.'" Id., at 26. Nevertheless, relying primarily on the Supreme Court's opinion in Califano, the court concluded that "the district court was without jurisdiction" over claimant's appeal. Id. In support of that holding, the court reasoned:

> [T]he Supreme Court has suggested quite strongly that the type of "hearing" referred to in § 405(g) is limited to those mandated by the Act. A purely discretionary hearing such as that held here for purposes of receiving allegedly new and material evidence is not a "hearing" within the meaning of § 405(g).

Id., at 26-27 (citing Califano, 430 U.S. at 108).

More recently, the court of appeals reaffirmed its holding that a discretionary decision not to reopen a prior application, even if issued after a hearing, is not subject to judicial review. Torres, 845 F.2d at 1138-39. There, as in this case, the claimant sought to reopen an earlier application for

9

disability benefits.  In response to the claimant's application, the ALJ conducted a hearing, heard testimony, considered the "new evidence" proffered by the claimant, and issued a written decision denying claimant's application to reopen.  Rejecting claimant's assertion that section 405(g) vested the district court with jurisdiction over his challenge to the ALJ's decision simply because it was issued after a "hearing," the court of appeals concluded that the "ALJ was entitled to make a threshold inquiry and review the evidence presented by the claimant in order to resolve the reopening."  Id., at 1139.  And, once again the court held that the "purely discretionary hearing" conducted by the ALJ was "not a hearing within the meaning of § 405(g)."  Id. (quoting Rios, 614 F.2d at 26).  Consequently, section 405(g) did not authorize the district court to review the adverse ruling subsequently issued by the ALJ.

Thus, contrary to claimant's suggestion, his right of appeal under section 405(g) was not triggered by the ALJ's affording him the opportunity to testify and present evidence in support of his petition to reopen his earlier application for benefits.

## Conclusion

Claimant did not appeal (either administratively or judicially) the denial of his original application for disability benefits. Accordingly, that denial of benefits became the final decision of the Commissioner, see 20 C.F.R. § 404.987(a), and, because the time within which to challenge that decision expired long ago, it is no longer subject to judicial review. See 42 U.S.C. § 405(g) (providing claimants 60 days within which to commence a civil action challenging an adverse, final decision of the Commissioner).

Nevertheless, the pertinent Social Security regulations provide that a claimant may, under certain specified conditions, request the Commissioner to reopen and revise an earlier adverse decision. See 20 C.F.R. §§ 404.987 through 404.989. Absent a situation in which the claimant challenges the Commissioner's decision on constitutional grounds, however, the law is clear that even if the claimant received an adverse ruling on his application after a "hearing," this court lacks subject matter jurisdiction to review either: (1) the Commissioner's decision not to reopen claimant's initial application for benefits; or (2)

11

the Commissioner's dismissal of claimant's second application on grounds of res judicata. Those decisions are committed solely to the discretion of the Commissioner and are not, except in "rare circumstances," subject to challenge in this forum.

Because the court lacks subject matter jurisdiction to review the Commissioner's most recent decision denying claimant's application for benefits, the Commissioner's motion to dismiss (document no. 8) is granted. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 3, 2002

cc:  Michael C. Shklar, Esq.
     David L. Broderick, Esq.