**Ralph ADKINS, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. CA 75–0275–H.**

United States District Court,
S. D. West Virginia.

March 8, 1977.

Menis E. Ketchum, Huntington, W. Va., for plaintiff.

John A. Field, III, U. S. Atty., Charleston, W. Va., for defendant.

## MEMORANDUM ORDER

HADEN, District Judge.

This is an action brought under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. The decision complained of in this action is a decision of an administrative law judge, rendered on May 21, 1975, dismissing plaintiff's application, without hearing, and refusing to reopen a previous adverse determination in which plaintiff was denied benefits after exhausting all administrative appeals. The case is presently pending before the Court on motion of the defendant to dismiss based upon the claim that this Court lacks subject-matter jurisdiction.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), authorizes review in the district courts of "any final decision of the Secretary made after a hearing to which he [the claimant] was a party . . . ." Where, as in the present case, a Social Security appeal reaches the district court after being dismissed on the basis of *res judicata* and refusal to reopen prior adjudications, the question of jurisdiction in the district court is presented since, unlike the situation contemplated by the language of § 405(g), there has been no final decision made after a *hearing*. In view of the fact that judicial review is provided only in the case of a final decision rendered after a hearing made mandatory by the provisions of 42 U.S.C. § 405(b), *Cappadora v. Celebrezze*, 356 F.2d 1, 4 (2nd Cir. 1966), and since, under the Act and the Regulations, the Secretary may refuse to reopen a prior determination and dismiss a claim on the basis of *res judicata* without holding a hearing, 20 C.F.R. 404.937(a), the courts have held, without exception, that the Social Security Act does not provide for judicial review of the Secretary's decision where dismissal is based upon § 404.937(a). *Ortego v. Weinberger*, 516 F.2d 1005, 1007 (5th Cir. 1975). However, a number of courts have found jurisdiction to review such decisions in Section 10 of the Administrative Procedure Act. 5 U.S.C. § 701, *et seq.* The

Supreme Court has now determined, however, that neither the provisions of the Administrative Procedure Act nor § 205(g) of the Social Security Act can be construed to authorize judicial review of final decisions of the Secretary declining to reopen prior determinations and dismissing claims on the basis of res judicata. *Califano v. Sanders,* — U.S. ——, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). In the *Sanders* decision, based upon facts indistinguishable from those of the present case, the Court held that the Administrative Procedure Act does not provide independent subject-matter jurisdiction permitting federal courts to review agency actions and determined that when, as in this case, an application for disability benefits has been denied without hearing, § 205(g) of the Social Security Act does not authorize judicial review of the Secretary's decision.[1]

 In view of the fact that the Secretary has refused to reopen plaintiff's prior application for benefits and has dismissed, without hearing, plaintiff's present application on the basis of the doctrine of *res judicata*, this Court is without jurisdiction to entertain plaintiff's action or to review the decision of the Secretary. 42 U.S.C. § 405(g).

Accordingly, it is hereby ORDERED that the motion of the defendant to dismiss be, and the same is granted.

All matters in this case being concluded, this action is hereby ORDERED dismissed and retired from the Court's docket.

The Clerk is directed to mail by United States Mail, a certified copy of this Memorandum Order to all counsel of record.

---

[1] While, as noted, this Court does not have jurisdiction to review the Secretary's decision, nevertheless, the Court does note that in his decision refusing to reopen and dismissing plaintiff's application, the administrative law judge stated that a final determination could only be reopened "if new and material evidence is furnished or if there is error on the face of the record on which such determination or decision was based." Whether the statement of the Court in *Sanders*, to the effect that reopening may be obtained "as a matter of right" within twelve months of the agency determination, is accurate, nevertheless, under the regulations, 20 C.F.R. 404.957(a), if the request is made as would be true in this case, within the twelve month period, neither "good cause" nor "error on the face of the record" is required. Accordingly, in the event plaintiff should seek to reopen the prior application at a later date consideration should be given by the Secretary to the fact that the administrative law judge apparently applied incorrect legal principles to the first application to reopen.