George W. STARCHER, Plaintiff,

v.

Joseph A. CALIFANO, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 77–0030–P.

United States District Court,
N. D. West Virginia,
Parkersburg Division.

Feb. 15, 1979.

James M. Bradley, Jr., Parkersburg, W. Va., for plaintiff.

William D. Wilmoth, Asst. U.S. Atty., Wheeling, W. Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

This is an action brought pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), in which Plaintiff seeks judicial review of the dismissal by the Defendant of his claims for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–431. Presently pending before the Court is Defendant's motion pursuant to *Rule* 60(b)(6), Federal Rules of Civil Procedure, whereby Defendant asks this Court to vacate its prior order of March 30, 1978, which order denied, without prejudice, Defendant's previously filed motion to dismiss. The record presently before the Court consists of the complaint, Defendant's motion pursuant to *Rule* 60 and motion to dismiss and briefs and affidavits in support thereof. To date, Plaintiff has not responded to any of Defendant's motions.

The uncontroverted affidavit of Leonard K. Portuguese, Chief of Section IV of the Bureau of Hearings and Appeals, Social Security Administration (Administration), establishes that the present action involves Plaintiff's third application for disability benefits.

The first application, filed on May 13, 1964, in which Plaintiff alleged an inability to work beginning September 5, 1963, was denied at all levels of the Administration, through and including the Appeals Council. Plaintiff did not seek judicial review of that denial.

The second application, filed January 19, 1971, in which Plaintiff again alleged disability commencing in September, 1963, was denied initially, on reconsideration, and finally by decision of an Administrative Law Judge (ALJ) dated September 26, 1972. Once again, Plaintiff did not seek judicial review of the administrative action. The various decisions noted above and filed herein with the affidavit of Mr. Portuguese, further established, that as to all applications for benefits involved herein, Plaintiff met the special earnings requirements of the Act only through June 30, 1967. Accordingly, Plaintiff's burden is to establish his disability as of June 30, 1967.

Plaintiff's third application, in which he alleged an inability to work beginning in January, 1969, was filed on August 6, 1974. The claim was initially denied on February 24, 1975, on the basis that Plaintiff failed to meet the "earnings requirements of the law at the time [he] became disabled or at any later date." On reconsideration, the application was denied for the stated reasons that the new material submitted by Plaintiff failed to establish any new facts about Plaintiff's condition on or before June 30, 1967, and, therefore, the September 26, 1972, denial of Plaintiff's second claim was found to be determinative of Plaintiff's third claim.

Plaintiff then sought and received a hearing before an ALJ on April 9, 1976. By decision dated March 18, 1977, the ALJ found: an insufficient evidentiary basis for reopening the denials of the first two applications; that the September 26, 1972, decision was binding on Plaintiff; that Plaintiff met the special earnings requirements only through June 30, 1967; and that Plaintiff had failed to establish that he was disabled on or before June 30, 1967; and accordingly, the ALJ denied benefits. Plaintiff then requested review by the Appeals Council. By a decision dated June 7, 1977, the Appeals Council took the following action: the Council granted Plaintiff's request for review of the ALJ's decision of March 18, 1977; concluded that Plaintiff's new evidence was not "new and material" and, therefore, the September 26, 1972, decision could not be reopened; found that Plaintiff's request for a hearing before an ALJ on his third application should have been dismissed by the ALJ pursuant to 20 C.F.R. 404.937 and 404.937(a); and accordingly, pursuant to 20 C.F.R. 404.947, the Appeals Council retroactively dismissed Plaintiff's request for a hearing before an ALJ on his third claim and ruled that the ALJ's decision of March 18, 1977, was null and of no effect; and finally, ruled that the final decision of September 26, 1972, remained binding on Plaintiff's third claim.

In response to Plaintiff's complaint before this Court, Defendant moved to dismiss for lack of jurisdiction. The Court, by order dated March 30, 1978, denied that motion without prejudice to its subsequent renewal. Defendant has now moved the Court to vacate that prior order, and dismiss the pending action.

■ As a general rule, a decision by the Secretary made without a hearing not to reopen a previous application for disability benefits is not subject to judicial review pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The same general rule has been held applicable to dismissals of claims, without a hearing, premised upon a finding by the Secretary that the claim is barred by administrative res judicata. *See Teague v. Califano,* 560 F.2d 615 (4th Cir. 1977) (opinion by Leonard Moore, J.); *Matos v. Secretary, HEW,* 581 F.2d 282 (1st Cir. 1978) (opinion by Leonard Moore, J.); *Easely v. Finch,* 431 F.2d 1351 (4th Cir. 1970); *Adkins v. Califano,* 430 F.Supp. 448

(S.D.W.Va.1977). Therefore, if Plaintiff's claim here at issue was dismissed by the Secretary because of a refusal to reopen the earlier claims, or on the basis of administrative res judicata, and if the Secretary's action was taken without a hearing, then the dismissal of Plaintiff's claim is not subject to review in this Court.

■ There is no question that Plaintiff was afforded a hearing before an ALJ on his third application. The hearing was held on April 9, 1976, and the ALJ's written decision rendered March 18, 1977. Nevertheless, on review the Appeals Council retroactively dismissed Plaintiff's request for a hearing before an ALJ. This action was taken pursuant to the authority vested in the Appeals Council by 20 C.F.R. § 404.947, which provides:

> "Action by Appeals Council on Review. The Appeals Council may dismiss (see § 404.952) or, in its discretion, deny or grant a party's request for review of a presiding officer's decision, or may, on its own motion, within sixty days after the date of the notice of such decision, reopen such decision for review or for the purpose of dismissing the party's request for hearing for any reason for which it could have been dismissed by the presiding officer (see §§ 404.935 through 404.937). Notice of the action by the Appeals Council shall be mailed to the party at his last known address."

This dismissal of the Plaintiff's request for a hearing effectively nullified the proceedings before the ALJ and, in the words of the Appeals Council, rendered the ALJ's decision of March 18, 1977, of "no effect". It appears to this Court that the action of the Appeals Council was well within the scope of a valid regulation consistent with the provisions of the Social Security Act. Accordingly, although Plaintiff was granted a hearing in fact before the ALJ, the Appeals Council's action in subsequently dismissing the request for that hearing effectively nullified that hearing. Thus, it appears to this Court that for purposes of determining whether this Court has jurisdiction pursuant to 42 U.S.C. § 405(g) to review the dismissal of Plaintiff's claim herein, that Plaintiff did not have a hearing. Moreover, review of all the documents presently before the Court makes it very clear that at all levels, except upon initial consideration, Plaintiff's claim was dismissed or denied on the grounds that it was foreclosed by the denial of Plaintiff's second claim on September 26, 1972. It thus appears to this Court that Plaintiff's third claim was dismissed by the Social Security Administration on the grounds of administrative res judicata and a consequent refusal to reopen the prior applications.

Therefore, it appears to this Court that the procedural posture of this case brings it within the scope of *Califano v. Sanders, supra,* and accordingly, this Court is without jurisdiction to review the case. Thus, Defendant's *Rule* 60 motion is well founded and will be granted. Moreover, it appearing to the Court that the Court is without jurisdiction pursuant to 42 U.S.C. § 405(g) to review this action, the action will be dismissed.

In accordance with the foregoing, it is hereby ORDERED that Defendant's motion pursuant to *Rule* 60(b)(6) is hereby GRANTED and this Court's Order entered March 30, 1978, is hereby vacated. It is further ORDERED that Defendant's motion to dismiss is hereby GRANTED.