Hazel M. REED

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare.

No. CIV–1–78–295.

United States District Court,
E. D. Tennessee, S. D.

June 2, 1980.

H. H. Gearinger & Assoc., Chattanooga, Tenn., for plaintiff.

John C. Cook, Asst. U. S. Atty., John H. Cary, U. S. Atty., Chattanooga, Tenn., Randolph W. Gaines, Chief of Litigation, Joseph S. Friedman, Social Security Division, Department of Health, Education & Welfare, Baltimore, Md., for defendant.

## MEMORANDUM

FRANK W. WILSON, District Judge.

This is an action for judicial review of a decision by the Appeals Council of the Social Security Administration which reversed the decision of an administrative law judge. The administrative law judge had reopened all previous determinations regarding the plaintiff's claim for disability under the authority of § 404.957(c)(1) of the Social Security Administration Regulations No. 4, and granted the plaintiff a period of disability and disability insurance benefits based on her first application filed on September 29, 1964.

The case was earlier considered by this Court upon the defendant's motion to dismiss for failure to state a claim upon which relief can be granted and upon the ground that this Court lacked subject matter jurisdiction. In response the plaintiff had moved for summary judgment or in the alternative for judgment on the record. In a memorandum filed June 18, 1979, this Court ruled that there is no jurisdiction to review the Appeals Council's decision under § 10 of the Administrative Procedure Act, Title 5, U.S.C. §§ 701, et seq. Similarly,

this Court found that the decision of the Appeals Council was not a "final decision" within the meaning of 42 U.S.C., § 405(g) and therefore the Court was without jurisdiction to review the Appeals Council's decision with respect to whether there is substantial evidence to support the denial of benefits and whether there was an abuse of discretion. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). This Court did find, however, that under the guidance of *Sanders* when constitutional questions are raised, "judicial review is presumed" and this Court has jurisdiction to adjudicate constitutional questions underlying a claimant's Social Security claims. *Sanders v. Califano*, 430 U.S. at 109, 97 S.Ct. at 986, 51 L.Ed.2d at 202.

Accordingly, the Court assumed jurisdiction pursuant to 42 U.S.C. § 405(g) for the limited purpose of determining whether the plaintiff's constitutional rights had been violated by the Secretary's decision denying the reopening of the plaintiff's claim.

It is unnecessary to restate the lengthy history of this case except to note that the plaintiff filed the first of five applications for disability insurance benefits on September 29, 1964. The application was denied initially on November 30, 1964, and on reconsideration by notice dated May 7, 1965. That notice of denial upon reconsideration clearly informed the plaintiff that her insured status had expired on March 31, 1962, and that the plaintiff had six months to request a hearing on her claim (Tr. 164–165). No request for a hearing was made by the plaintiff within the required six-month period following this notice. The history of the plaintiff's next three applications is set out in the Court's previous memorandum.

The fifth application which has resulted in this review was filed on March 22, 1977, denied initially on March 28, 1977, and on reconsideration August 25, 1977. The plaintiff's request for a hearing resulted in a brief appearance without counsel before an administrative law judge who advised the plaintiff to seek the assistance of an attor-

ney and reset the hearing for March 28, 1978. Following that hearing, which resulted in a favorable decision to the plaintiff on June 5, 1978 (Tr. 35–63), the case was reviewed by the Appeals Council on its own motion (Tr. 34). The Appeals Council found that the administrative law judge had erroneously reopened the plaintiff's applications. Therefore, it dismissed plaintiff's earlier request for a hearing which has the effect of negating that hearing and the findings of the administrative law judge. *Starcher v. Califano*, 464 F.Supp. 997 (N.D. W.Va.1979). (Tr. 8–12).

The case is presently before the Court upon the plaintiff's motion for judgment on the pleadings and the defendant's renewed motion to dismiss which the Court will treat as a motion for judgment on the pleadings under Rule 12(c), Federal Rules of Civil Procedure.

The Court turns now to the substantive constitutional arguments made by the plaintiff in favor of a judgment on the pleadings. Rather than setting forth those arguments, counsel for the plaintiff referred the Court to the decision of the administrative law judge on June 5, 1978, which, it is argued, "meticulously recites the gross errors made in the handling of the claim. . . ." Accordingly, this Court has gleaned from that decision the following alleged violations of the plaintiff's constitutional rights, which are quoted at length:

Accordingly, the question is whether "fraud or *similar fault*, of the claimant or *some other person*," as set forth in 20 CFR 404.957(c), would encompass (1) a gross disregard of and blind indifference to the documented evidence of the claimant's incompetence to represent herself at the initial and subsequent administrative levels, (2) or gross misstatements and omissions of the credible and material evidence in the analytical and decisional process, (3) or callous indifference to the documented medical evidence of record, (4) or the denial of due process of law to the claimant through the application of a *res judicata* syndrome; that is, an abdica-

tion of responsibility in the analytical and decisional process by any and all of the aforementioned means, or by a careless indifference directed toward the ratification and adoption of prior judgmental errors. (Tr. 37)

It is the opinion of the undersigned administrative law judge that the Administration's stern admonition, [regarding false statements] unaccompanied with advice that the claimant is entitled to have an attorney to represent her, denied the claimant due process and equal protection of the law. (Tr. 47)

In my view, the Administration—by failing to even attempt to obtain a competent representative for the incompetent claimant, or to clearly advise and suggest to the claimant that she obtain an attorney or other competent person to represent her—denied the claimant due process of law. (Tr. 51)

Accordingly, the undersigned administrative law judge finds that the aforementioned quoted statement [referring to the 1973 finding of no new pre-1962 medical reports] amounts to either gross error, negligence, and ignorance, or callous indifference on the part of the person or persons for the Administration, as well as being erroneous on the face of the record. (Tr. 55)

. . . the Administration's failure to initially inform the claimant in writing (a) that her insured status continued only through March 31, 1962, (b) that the Administration had been unable to obtain certain requested medical evidence, and (c) that she has a right to have an attorney, or other competent person, to represent her, denied the claimant due process of law.

. . . the claimant, irrespective of any other consideration, has a right to have an attorney, or other competent individual, to represent her at any and every stage of the administrative process and that the Administration's failure to so notify the claimant in writing constitutes a denial of due process of law to the claimant contrary to the provisions of the Fifth Amendment to the Constitution of the United States of America. (Tr. 62)

. . . justice, equity, good conscience and the spirit of the Social Security Act mandate that the claimant's first application for disability insurance benefits, filed on September 29, 1964, be reopened . . . (Tr. 63).

Aside from the plaintiff's assertions of indifference on the part of administration personnel, the statements of the administrative law judge upon which the plaintiff relies can be distilled into three concise contentions. The first contention is that the administration did not make an affirmative effort to advise and suggest to the plaintiff that she obtain an attorney. It has been held that the Secretary is not under a constitutional duty to inform an allegedly illiterate and mentally retarded claimant of the right to counsel and advise her of the possibility of securing representation on a contingency fee basis. *Granger v. Finch*, 425 F.2d 206 (7th Cir. 1970). The Court further notes that the memorandum to the Appeals Bureau from the Bureau of Disability Insurance which followed the administrative law judge's decision refers to the Administration's use of an enclosure, "Your Right To Question the Decision Made on Your Claim," which explains the claimant's right to be represented at any stage of her claim. The memorandum goes on to state that the enclosure would have been included in every notice of initial and reconsidered determination sent to the plaintiff. In view of the above and the fact that plaintiff was accompanied at each hearing by either her husband or adult daughter, this Court finds that the plaintiff was not denied due process and equal protection of law by any failure to inform her concerning her right to counsel.

The second contention of the plaintiff is that the decision of the Administration is erroneous on the face of the record. The plaintiff contends that the Administration committed such error by finding that the additional evidence by the plaintiff's attorney did not show the plaintiff's condition to be any more severe than it was thought to have been when the earlier determinations were made. (Tr. 55, 10–11). The Appeals Council noted that the new evidence added little to the information already considered and no additional impairments were described during the period on or before March 31, 1962. (Tr. 11). A review of the record indicates that the opinion of the Appeals Council is correct. Furthermore, this Court feels that the second contention, even if taken as true, would not amount to a deprivation of constitutional rights. Instead it seeks judicial review of the merits of the case. This Court has previously determined that it is without jurisdiction to make such a review in this case. See Memorandum Opinion dated June 18, 1979, p. 7, citing *Califano v. Sanders*.

The third contention is that the Administration failed to inform the claimant in writing that her insured status continued only through March 31, 1962. This contention is clearly without merit since she was so notified by the notice of reconsideration determination dated May 7, 1965. (Tr. 164–165).

In summary, this Court finds that it has jurisdiction to entertain constitutional arguments, however, the plaintiff has shown no such deprivation of her constitutional rights to due process of law and equal protection of the law under the Fifth and Fourteenth Amendments.

Accordingly, an order will enter denying the plaintiff's motion for summary judgment and motion for judgment on the pleadings and granting the defendant's motion which the Court will treat as a motion for judgment on the pleadings.