**Eladio COLON, Plaintiff, Appellee,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellant.**

No. 88–1903.

United States Court of Appeals, First Circuit.

Submitted April 7, 1989.

Decided June 14, 1989.

Daniel F. Lopez Romo, Hato Rey, P.R., U.S. Atty., Donald A. Gonya, Chief Counsel for Social Sec., Randolph W. Gaines, Deputy Chief Counsel for Social Sec. Litigation, A. George Lowe, Chief, Baltimore, Md., Disability Litigation Branch, and Donald H. Romano, Atty., Office of the Gen. Counsel, Social Sec. Div., Department of Health and Human Services, on brief, for defendant, appellant.

Before CAMPBELL, Chief Judge, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

This appeal raises two issues. First, do we have jurisdiction over an appeal by the Secretary of Health and Human Services (the Secretary) from a district court order remanding this social security disability insurance benefits case to the Secretary for further proceedings? Second, if we have appellate jurisdiction, did the district court, as the Secretary contends, lack jurisdiction to order the Secretary to reopen a prior final decision? For the reasons which follow, we answer both questions in the affirmative.

## I. BACKGROUND

The claimant, Eladio Colon, filed an application for disability insurance benefits in 1971, alleging a disabling back injury suffered in a work-related accident. He received disability benefits commencing July 24, 1971.

Pursuant to a continuing eligibility review in 1982, the Secretary concluded that the claimant's disability had ceased as of March 1982, and that, therefore, disability benefits would be terminated. At the claimant's request, a hearing was held before an administrative law judge (ALJ) concerning the termination of benefits. The claimant alleged that his disability had not ceased but was, in fact, continuing. The ALJ concluded, however, that the claimant's impairment had improved by March 1982, such that his disability had ceased and that, from that time forward, he had the residual functional capacity (RFC) for at least light work. The date of this ALJ decision was February 24, 1983. The Appeals Council denied review of that decision and the claimant did not seek judicial review. The ALJ decision of February 24, 1983, therefore, became a final decision of the Secretary. That decision was an adjudication of no disability during the period March 1982 through February 24, 1983.

In November 1983, the claimant filed a new application for benefits alleging the same disability onset date of July 24, 1971. The Secretary denied the application. Again the claimant requested a hearing before an ALJ. The ALJ construed this second application as an implied request for revision and reopening of the February 24, 1983 decision, inasmuch as it alleged disability in a period ruled upon by that prior decision. The ALJ determined that no new and material evidence had been submitted to warrant a different decision than that given on February 24th, nor was there error on the face of the evidence on which the February 24th decision was based. The ALJ, therefore, denied the request to reopen the prior decision and ruled that the period prior to February 25, 1983 was *res judicata*. The ALJ went on to conclude that the claimant was also not under a disability from February 25, 1983 forward through the date of this latest decision, October 11, 1984.

The Appeals Council denied review. The claimant appealed to the federal district court. While the appeal was pending, the district court concluded that a remand to the Secretary was appropriate for reconsid-

eration whether the claimant was entitled to disability benefits in accordance with new mental impairment regulations promulgated pursuant to the Social Security Disability Benefits Reform Act of 1984, Pub. Law No. 98–460 (the 1984 Disability Amendments). Although the claimant had not alleged a disabling mental impairment in his application for benefits, (in fact, he had not alleged such an impairment in *either* of his applications), apparently the district court concluded that remand for reconsideration in light of the new mental impairment regulations was appropriate because a consultative psychiatric evaluation had indicated a generalized anxiety disorder (which the ALJ, in the October 11, 1984 decision, had concluded was not severe).

Upon remand, a supplemental hearing before an ALJ was held. In a recommended decision of June 27, 1986, the ALJ again construed this second application for benefits as an implied request for revision and reopening the February 24, 1983 decision. The ALJ again determined that reopening was unwarranted and denied the request. However, the ALJ stated that he would consider the entire evidence of *mental* impairment from the alleged disability onset date of July 24, 1971. The ALJ then determined that through February 8, 1984, the claimant had the exertional and nonexertional RFC for a full range of light work and that, therefore, the claimant was not disabled through that date. Starting February 9, 1984, however, the ALJ concluded, the claimant's back condition had deteriorated such that he now had the RFC for the full range of only sedentary work, and there were also present at that time some mental limitations which would restrict the claimant to simple, routine unskilled work. Because these additional nonexertional limitations reduced the claimant's RFC for the full range of sedentary work and precluded the claimant from making vocational adjustments to work that exists in significant numbers in the national economy, the ALJ concluded that the claimant was disabled as of February 9, 1984.

The Appeals Council then reviewed this recommended decision. The claimant objected to the recommended decision, apparently arguing that the ALJ should have reopened the February 24, 1983 decision and also, because that decision was reviewing the cessation of benefits, should have applied the medical improvement standard to the issue of the existence of a mental impairment. The Appeals Council concluded that the 1984 Disability Amendments, mandating review, were inapplicable to the February 24, 1983 decision since the claimant did not have an active appeal pending as of the pertinent date described in the Amendments and that, additionally, there was no evidence that showed a mental impairment existed during the period adjudicated in the February 24, 1983 decision. The Appeals Council therefore rejected the claimant's objection to the failure to reopen the February 24, 1983 decision. The Appeals Council adopted the ALJ's recommended decision and held that the claimant was entitled to disability insurance benefits for a period of disability commencing on February 9, 1984.

To sum up, the Secretary had determined that:

(1) The claimant was disabled from July 24, 1971 to March 1982.

(2) The claimant was not disabled from March 1982 to February 24, 1983 (the date of the ALJ decision affirming the termination of benefits). The Secretary held this adjudicated period to be *res judicata* and declined to reopen it.

(3) The claimant was also not disabled from February 25, 1983 to February 8, 1984.

(4) The claimant was disabled from February 9, 1984 forward.

The case thereafter resumed in the district court from whence it had been remanded. A magistrate filed a report and recommendation which advised that judicial review of the Secretary's decision not to reopen the February 24, 1983 decision was foreclosed and that there was substantial evidence to support the Secretary's decision that the claimant was not disabled from February 25, 1983 to February 8, 1984.

The district court, however, without discussing its jurisdiction, found that there was "good cause" to reopen the prior decision of February 24, 1983 and ordered the case remanded to the Secretary with instructions to reopen that decision and reassess whether the claimant met the disability standard during the period March 1982 to February 1984. Aside from its failure to indicate its authoritative basis for ordering the reopening of the prior decision, notwithstanding the Secretary's denial of the claimant's request to reopen, the district court also did not expressly address whether substantial evidence supported the Secretary's determination that the claimant was not disabled from February 25, 1983 to February 8, 1984. Rather, the district court's opinion suggests that it simply disagreed with the Secretary's assessment of the evidence for the entire period of March 1982 to February 1984.

The Secretary then filed a notice of appeal from this district court order of remand, which brings us to a consideration of the two questions set out at the beginning of this opinion. The claimant/appellee did not file any brief on appeal.

## II. APPELLATE JURISDICTION

The Secretary concedes that, ordinarily, a remand order is not a final decision of the district court, as that term is construed pursuant to 28 U.S.C. § 1291, and thus provides no basis for our assertion of jurisdiction. *See Mall Properties, Inc. v. Marsh,* 841 F.2d 440, 441 (1st Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 128, 102 L.Ed.2d 101 (1988). The Secretary argues, however, that this case falls within that limited category of cases in which an immediate appeal by a governmental agency is allowed nonetheless, because otherwise the Secretary would be unlikely to obtain review. *See id.* at 443.

We have previously determined that such an appeal is properly before us either on appeal, or under authority of the All Writs Act, 28 U.S.C. § 1651. *Lopez Lopez v. Secretary of Health, Education & Welf.,* 512 F.2d 1155, 1156 (1st Cir.1975) (citing cases) (appeal by Secretary from district

court order remanding to the Secretary to establish that a claimant has a realistic opportunity of being hired for those positions that the Secretary finds him competent to perform); *see Gold v. Weinberger,* 473 F.2d 1376, 1378 (5th Cir.1973) (same); *Stone v. Heckler,* 722 F.2d 464, 466–68 (9th Cir.1983) (appeal by Secretary from district court order remanding to the Secretary to make specific findings of specific jobs that the claimant could perform, without relying solely on the grid); *cf. Harper v. Bowen,* 854 F.2d 678 (4th Cir.1988) (no appellate jurisdiction over appeal by Secretary from district court order of remand, which appeal contests only 1 of the 2 grounds for remand because, *inter alia,* the Secretary must issue a decision complying with the district court's second remand instruction in any event, the basis for the order of remand was not an egregious misstatement of law of sufficient moment to warrant immediate review and the issue sought to be reviewed was inextricably entwined with the merits, making the *Cohen* exception to finality requirement inapplicable).

■ As in the *Lopez Lopez* case, we conclude that this matter is properly before us, either on appeal or pursuant to a writ of mandamus. In this case, the district court has ordered the Secretary to reopen his prior decision of February 24, 1983. The Secretary contends that the district court is without jurisdiction to order such a reopening. Unless an immediate appeal is allowed, the Secretary is unlikely to obtain review of this important issue which is distinct from the underlying merits of the claim of disability. Once the Secretary complies with the district court order, the issue of the district court's jurisdiction is, in all likelihood, moot, whatever the ultimate determination of the claimant's disability claim. If the Secretary were to award benefits upon reopening, it is doubtful whether the Secretary could then appeal from his own decision to grant benefits. *See Stone v. Heckler,* 722 F.2d at 467. If benefits are denied after reopening, the sole, meaningful issue on the next appeal, if there is one, may be the substantiality of the evidence of disability. *See Pickett v. Bowen,* 833 F.2d 288, 290–91 (11th Cir.

1987) (an appeal which argues that claims of certain class members are not entitled to remand, redetermination and benefits pending redetermination would be rendered moot and meaningless if such an appeal could only be heard after the Secretary had complied with the district court and had, in fact, redetermined the claims and paid benefits pending redetermination); *Cohen v. Perales*, 412 F.2d 44, 48 (5th Cir.1969) (the contention that the district court erred in its determination of the admissibility of evidence in an administrative hearing may be effectively unreviewable after remand to the Secretary), *rev'd on other grounds sub nom., Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Arguing that the district court has no jurisdiction to order the Secretary to reopen a previous final decision after that decision, in fact, has been reopened is largely an academic exercise of little practical significance. Furthermore, the Secretary's position is so clearly persuasive, see section III *infra*, discussing *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), that to disallow review at this time serves only to require the Secretary to employ his not-unlimited resources on an activity which Congress has determined to be unwarranted.

We turn, then, to the second issue raised by this appeal.

## III. DISTRICT COURT JURISDICTION

■ In *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the Supreme Court held that neither the Social Security Act nor the Administrative Procedure Act authorizes judicial review of a final decision of the Secretary not to reopen a claim of benefits. The claimant could have sought judicial review of the February 24, 1983 decision, which concluded that his disability had ceased as of March 1982 and that he was not disabled during the period March 1982 through February 24, 1983. The claimant, however, did not seek judicial review. *See* 42 U.S.C. § 405(g) (claimant may obtain review of final decision of Secretary by filing civil action in federal district court within sixty days after the mailing to him of notice of the Secretary's decision). Although the

time within which the claimant may seek judicial review of a final decision of the Secretary has expired, the claimant may request that the Secretary reopen and revise that decision. 20 C.F.R. § 404.987 (1988). If the Secretary denies that request, however, the claimant is *not* entitled to judicial review of that decision and, concomitantly, a review of the decision denying or terminating benefits as to which the appeal period has already expired.

[A]n interpretation that would allow a claimant judicial review simply by filing —and being denied—a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60–day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. 20 CFR § 404.951 (1976). Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice.

*Califano v. Sanders*, 430 U.S. at 108, 97 S.Ct. at 986.

■ We, (as well as our sister circuits), have repeatedly reiterated the Court's holding in the *Sanders* case. *See e.g., Torres v. Secretary of Health and Human Services*, 845 F.2d 1136, 1138 (1st Cir.1988); *Dudley v. Secretary of Health and Human Services*, 816 F.2d 792, 795 (1st Cir.1987); *Dvareckas v. Secretary of Health & Human Services*, 804 F.2d 770, 771–72 (1st Cir. 1986); *Rios v. Secretary of Health, Ed. and Welfare*, 614 F.2d 25, 26 (1st Cir.1980); *Matos v. Secretary of H.E.W.*, 581 F.2d 282, 285–87 (1st Cir.1978). As in the *Sanders* case, "[t]his is not one of those rare instances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds." *Califano v. Sanders*, 430 U.S. at 109, 97 S.Ct. at 986. Indeed, the district court did not even purport to order a reopening because of any challenge on constitutional grounds to the denial of reopening. Rather, the district court, it seems, ordered a reopening because, in its estimation of the evidence, the Secretary *should* have reopened its February 24, 1983 decision. With respect to a decision

whether to reopen a prior final decision, however, the district court simply has no authority to reweigh the evidence and substitute its judgment for that of the Secretary's in denying a request to reopen.

The district court ordered the Secretary to reassess the evidence of the claimant's disability during the entire period of March 1982 through February 1984. As discussed, *supra,* judicial review of the period March 1982 through February 24, 1983 is foreclosed. In ordering the reopening and the reassessment, the district court made no distinction between that period foreclosed from judicial review and that period properly before it for review, *i.e.,* February 25, 1983 through February 8, 1984. We are unable to conclude from the district court opinion that it utilized the proper standard, (*i.e.,* whether there is substantial evidence to support the Secretary's determination), in reviewing the Secretary's decision as to that alleged period of disability.

We, therefore, vacate the order of the district court remanding this case to the Secretary. Judicial review of the period March 1982 through February 24, 1983 is foreclosed. We remand to the district court for consideration whether substantial evidence supports the Secretary's decision with respect to the period February 25, 1983 through February 8, 1984.

*Vacated and remanded.*