USCA1 Opinion

 

 March 29, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1743 JANET NIEMI, Plaintiff, Appellant, v. DONNA E. SHALALA, SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Morris E. Lasker, U.S. District Judge] ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Camilla B. Duffy on brief for appellant. ________________ Donald K. Stern, United States Attorney, Arthur J. Fried, General _______________ _______________ Counsel, Randolph W. Gaines, Acting Principal Deputy General Counsel, __________________ A. George Lowe, Acting Associate General Counsel, Litigation Division, ______________ and Richard Fox, Attorney, Office of the General Counsel, Social ____________ Security Administration, on brief for appellee. ____________________ ____________________ Per Curiam. Claimant Janet Niemi appeals from a ___________ district court judgment dismissing, on jurisdictional grounds, her challenge to the denial of her second application for disability benefits. We affirm. I. Claimant's attempts to obtain disability benefits have ensued long after her insured status expired on June 30, 1980. She filed her first application, without legal representation, on December 4, 1991, claiming an inability to work since May 1, 1976 because of multiple sclerosis. Her claim was denied at the initial level of administrative review by notice dated January 13, 1992. No further review was sought, with the result that the agency determination became final. See 20 C.F.R. 404.905, 404.987(a). ___ With the assistance of counsel, claimant filed a second application on November 27, 1992, along with a smattering of new evidence. The cited medical impairment and the claimed onset date were the same as those alleged earlier. After her claim was denied initially and on reconsideration, claimant sought a hearing before an administrative law judge (ALJ). In a decision dated January 28, 1994, the ALJ denied the hearing request on two grounds. First, he determined that the claim was barred on res judicata grounds, inasmuch as the earlier application had involved the same facts and issues. See id. 404.957(c)(1). Alternatively, construing the ___ ___ second application as a request to reopen the earlier claim, the ALJ concluded that no new and material evidence had been submitted so as to provide good cause for reopening. See id. ___ ___ 404.988(b), 404.989(a)(1).  Claimant sought review by the Appeals Council, supplementing her request with recently acquired medical evidence. The Appeals Council found that "the additional reports contain no objective findings for the period before 1982, and no clinical support to demonstrate a severe impairment existing continuously since at least June 30, 1980." Agreeing with the ALJ that no good cause for reopening had been presented, it therefore declined the request for review. Claimant subsequently filed the instant action in district court, premising jurisdiction on 42 U.S.C. 405(g). In response to the Secretary's motion to dismiss, the district court issued a detailed decision explaining that subject matter jurisdiction was ordinarily lacking in this context. Applying Califano v. Sanders, 430 U.S. 99, 107-09 ________ _______ (1977), and Matos v. Secretary of HEW, 581 F.2d 282, 284-87 _____ ________________ (1st Cir. 1978), the court observed that judicial review of a denial reached without a hearing was unavailable--whether such denial was based on administrative res judicata or involved a decision not to reopen. Accord, e.g., Colon v. ______ ____ _____ Secretary of HHS, 877 F.2d 148, 152-53 (1st Cir. 1989) (per ________________ curiam); Torres v. Secretary of HHS, 845 F.2d 1136, 1138 (1st ______ ________________ Cir. 1988) (per curiam) (citing cases); see also Rios v. _________ ____ -3- Secretary of HEW, 614 F.2d 25, 26 (1st Cir. 1980) (finding _________________ jurisdiction lacking to review denial on res judicata grounds and refusal to reopen, even where hearing had been held). As the district court noted, an exception to this jurisdictional bar exists in "rare instances" where a colorable constitutional claim has been presented. Sanders, 430 U.S. _______ at 109; accord, e.g., Colon, 877 F.2d at 152. Yet claimant's ______ ____ _____ only allegation to this effect was that invocation of res judicata violated due process where the first claim had been dismissed without a hearing--a contention the court properly deemed meritless. See, e.g., Rogerson v. Secretary of HHS, ___ ____ ________ _________________ 872 F.2d 24, 29 (3d Cir. 1989); see also Matos, 581 F.2d at ________ _____ 285-86.  Nonetheless, with a reference to Shrader v. Harris, 631 _______ ______ F.2d 297 (4th Cir. 1980), the court went on to observe that a separate constitutional claim might be stated were claimant able to demonstrate that, because of mental incapacity, she had been unable to understand or pursue the appeal procedures in connection with her first, pro se application. Although no such argument had been advanced, the court sua sponte __________ afforded claimant sixty days within which to attempt such a showing. In response, claimant advanced a trio of contentions. First, she argued that a combination of symptoms--fatigue, depression and a sense of powerlessness-- had in fact prevented her from pursuing her rights in 1992. -4- Principal support for this contention came from an MS counselor who had provided claimant with group therapy at the time. Second, claimant insisted that the January 1992 denial notice had been ambiguously worded, particularly by failing to clarify the necessity of filing an appeal as opposed to reapplying for benefits. Finally, claimant complained that many of her medical records had been (and to a large extent remained) unavailable--a problem exacerbated by the Secretary's failure to assist her in obtaining them. The district court, unpersuaded that these contentions amounted to a colorable due process violation, thereafter summarily allowed the motion to dismiss. This appeal ensued.  II. Claimant now acknowledges that the jurisdictional question hinges on whether a colorable constitutional claim has been presented. She argues that the factors just cited-- her emotional difficulties; the ambiguously worded notice of denial; and the incomplete medical record--set forth such a claim, at least in combination if not individually. We disagree.  The Shrader case involved an extreme set of facts: e.g., _______ ____ psychiatric and other medical reports describing claimant (a Vietnam War shell-shock victim) as living a "vegetative like existence," as becoming "schizoid" and "paranoid," and as "regress[ing] to a psychotic level." 631 F.2d at 299. While -5- such dire circumstances are not invariably a prerequisite to invoking the Shrader exception, the depression and sense of _______ powerlessness cited by claimant here are, quite obviously, of a lower order of magnitude. As well, they are uncorroborated by any medical evidence. The only relevant submission in this regard comes from a lay person counselor; there is no indication that claimant has ever received professional treatment for her emotional maladies. It is also noteworthy that, in her response to the Secretary's motion to dismiss, claimant attributed her failure to appeal solely to an inability to obtain supporting evidence for the period prior to 1980 (when her insured status expired). As a result, we agree that claimant has failed to "present prima facie evidence of incompetency," id. at 302, that can be said to ___ have prevented her from comprehending or invoking the administrative appeal process. Claimant's challenge to the wording of the denial notice likewise proves unavailing. To be sure, a number of courts have determined that an earlier version of the notice was sufficiently misleading as to be constitutionally defective. See, e.g., Day v. Shalala, 23 F.3d 1052, 1064-66 (6th Cir. ___ ____ ___ _______ 1994); Gonzalez v. Sullivan, 914 F.2d 1197, 1202-03 (9th Cir. ________ ________ 1990). The offending passage involved in those cases had advised claimants that "[i]f you do not request a hearing of your case within the prescribed time period, you still have -6- the right to file another application at any time." See, ___ e.g., id. at 1203. The notice received by claimant, however, ____ ___ did not contain such language; instead, it contained a new passage, added by the Secretary in 1990, which read as follows: You have the right to file a new application at any time, but filing a new application is not the same as appealing this decision. You might lose benefits if you file a new application instead of filing an appeal. Therefore, if you think this decision is wrong, you should ask for an appeal within 60 days. Claimant's insistence that such revised language proves equally defective falls short. See, e.g., Day, 23 F.3d at ___ ____ ___ 1065 (suggesting that the 1990 revision "cured the deficiencies" found in the earlier version); Rooney v. ______ Shalala, 879 F. Supp. 252, 255 (E.D.N.Y. 1995) (noting that _______ the revision "explicitly set forth the critical information, missing from the earlier form, concerning the adverse effect of failing to appeal"). As to claimant's final contention, even were we to assume that an obligation to help develop the medical record might arise at the initial review stage, it is not apparent that the Secretary failed to make "reasonable effort[s]" to do so. 20 C.F.R. 404.1512(d). The Disability Determination Rationale accompanying the denial of claimant's first application stated that the agency "contacted any available source" of information. Moreover, we have -7- indicated that, while the Secretary "must make an investigation that is not wholly inadequate under the circumstances," Miranda v. Secretary of HEW, 514 F.2d 996, _______ _________________ 998 (1st Cir. 1975), she need not "go to inordinate lengths to develop a claimant's case," Thompson v. Califano, 556 F.2d ________ ________ 616, 618 (1st Cir. 1977); accord, e.g., Currier v. Secretary ______ ____ _______ _________ of HEW, 612 F.2d 594, 598 (1st Cir. 1980) (Secretary's ______ obligation requires attempt "without undue effort" to fill evidentiary gaps by, inter alia, ordering "easily obtained" ___________ medical reports). The record of claimant's medical treatment prior to June 1980 proves to have been anything but easily obtainable; even with the assistance of counsel, claimant was unable to procure most of such evidence prior to her request for Appeals Council review in connection with her second application.  Accordingly, as no colorable constitutional claim has been presented, we agree with the district court that subject matter jurisdiction was lacking.1 See, e.g., Doe v. 1 ___ ____ ___  ____________________ 1 Claimant separately contends that the Appeals Council 1 reappraised her new evidence in a manner that constituted a de facto reopening, subject to judicial review. This argument was not advanced below and so is not properly before us. See, e.g., Evangelista v. Secretary of HHS, 826 F.2d ___ ____ ___________ _________________ 136, 144 (1st Cir. 1987). We find it without merit in any event. See, e.g., Hall v. Chater, 52 F.3d 518, 521 (4th Cir. ___ ____ ____ ______ 1995) (rejecting similar argument on ground that "Secretary must be afforded some leeway in making a decision whether to reopen"); Torres, 845 F.2d at 1139 (noting that Secretary is ______ "entitled to make a threshold inquiry and review the evidence presented ... in order to resolve the reopening issue"). -8- Secretary of HHS, 744 F.2d 3, 5 (1st Cir. 1984) (per curiam) ________________ (affirming dismissal on jurisdictional grounds after finding "no tenable constitutional claim"). Whether claimant might yet be able to persuade the Secretary to reopen her application, based on new and material evidence uncovered since the date of the Appeals Council ruling, is a matter we need not address.2 2 Affirmed. _________  ____________________ 2 Indeed, such a request might be bolstered by an 2 apparent error in the Secretary's ruling here. Under the applicable regulations, a final agency decision may be reopened: (1) within twelve months of the initial determination "for any reason," (2) within four years thereof for "good cause" (defined to include "new and material evidence"), and (3) "at any time" for the purpose, inter _____ alia, of "correct[ing] clerical error or any error that ____ appears on the face of the evidence that was considered when the determination or decision was made." See 20 C.F.R.  ___ 404.988, 404.989. In the instant case, the ALJ rejected claimant's hearing request on the ground that no "good cause" had been shown, and the Appeals Council thereafter declined review on the same basis. Yet claimant's second application was filed within twelve months of the January 13, 1992 notice of denial. Construed as a request for reopening, therefore, it arguably should have been addressed under the "any reason" standard rather than the "good cause" standard. We express no view as to the effect of any possible error in this regard, however, inasmuch as claimant has not raised the issue either below or on appeal. -9-