**Raul ORTIZ ESPADA, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**No. CIV. 02–2399 JAC–HL.**

United States District Court, D. Puerto Rico.

May 27, 2003.

Oscar Crespo López, Ponce, PR, for Plaintiff.

Camille L. Vélez Rivé, United States Attorney's Office, Torre Chardón, Hato Rey, PR, for Defendant.

**OPINION AND ORDER**

CASTELLANOS, United States Magistrate Judge.

This action seeks judicial review of the final decision of the Commissioner of Social Security (the Commissioner) denying plaintiff's application for a period of disability and ensuing benefits because of

asthma. Social Security Act, 42 U.S.C. § 405(g).

Plaintiff filed an application for disability insurance benefits with onset date of March of 1998, when he was 57 years old. He has high school education and previous experience as a storeroom keeper. After an administrative hearing was held on November 9, 2000, the Administrative Law Judge (ALJ) issued an opinion that was adopted by the Commissioner. Plaintiff and a vocational expert, Mr. Miguel Pellecier, testified. It was determined afterwards that plaintiff retained the residual functional capacity for light kind of work and was not considered to be disabled.

The vocational expert testified as to jobs available in the national economy that plaintiff, with transferable skills and within the limitations of being in a clean environment, could perform, that were of light level of exertion. These included electronic inspector and electrical continuity tester.

The record shows that plaintiff has been granted short term disability by the employer-company's insurer in the year 2000. Medical evidence shows treatment by Dr. Luis García Barreto since May 1997, who initially described asthma attacks of 2–3 episodes average per week, as indicated by the patient. The patient is a 67 inches tall individual, who weights 190 pounds. He initially presented moderately prolonged expiratory wheezing. By March of 1999 the treating pneumologist reported pulmonary tests as follows:

FEV of 1.52 L 56% prior to bronchodilator and afterwards of 1.67 L 62%

VC of 3.96 L 82% prior to bronchodilator and afterwards of 3.98 L 82%

The interpretation of the pulmonary tests was of mild airflow obstruction, mildly responsive to bronchodilator administration, moderately reduced maximal ventilatory ventilation, normal vital capacity and good effort. The ventilatory function is described as good, well performed, as the patient followed instructions. Follow-up of medications appeared and the diagnosis was of bronchial asthma of moderate degree, chronic rhinitis and dyspnea. The prognosis was fair to moderate.

A subsequent report by Dr. Luis A. García refers to continuation of treatment of bronchial asthma, moderate type degree, allergic rhinitis, and chronic sinusitis. The pulmonary function test showed mild to moderate air flow obstruction. The nature and severity of the attacks was described as preserved with severe shortness of breath, coughing non productive and chest lightness. Prior treatment was daily but thereafter the patient received chronic preventive medical treatment for about 2–3 episodes monthly. Medication had been tolerated well although some nasal decongestants could give sleepiness. The prognosis was fair with continuing medical preventive treatment. The patient had limitations of not being exposed to extreme cold, humidity, fumes, odors, perfumes, smoke, soldering fumes, solvents, and chemicals.

There is a pneumology evaluation by Dr. Juan Carlos Buitrago indicating the patient had never been admitted to a hospital because of his bronchial asthma. The patient reported being unable to do housework but doing lawnmowing. He has a history of chronic sinusitis, no high blood pressure, and no heart condition. He suffers from insomnia and anxiety because of medications. The patient has no pets in the house but takes care of fifteen chickens in his farm. Otherwise, the patient is found alert, active, and oriented, with good muscular built and at no respiratory distress. The spirometry is interpreted to show mild to minimal obstruction. X-rays found clear lung fields without evidence of acute pneumonic infiltrate or consolidate.

The ALJ determined, and the medical evidence of record sustained, that plaintiff does not meet the requirements of the listing of impairments in relation to asthma. Listing 3.02A–C. *See* 20 C.F.R. Part 404, Subpart P, App 1. In addition, the pulmonary function tests exceeded the minimum levels established for chronic pulmonary insufficiency. *Martinez Nater v. Secretary of H.H. S.,* 933 F.2d 76 (1st Cir.1991). Although these criteria may be met by showing frequent emergency asthma treatment, even if the treatment occurs at home or in a doctor's office, rather than a hospital, the medical record did not establish clearly the frequency and severity of these attacks. Thus, the issue became a credibility matter for the Commissioner. Conflicts in the evidence are for the Commissioner not the courts. *Evangelista v. Secretary of H.H. S.,* 826 F.2d 136, 141 (1st Cir.1987). The ALJ should not disregard a treating physicians' assessment if well supported by the clinical and laboratory findings and when not inconsistent with other substantial evidence. Proper consideration was afforded to a the consultative evaluation by a pneumologist and the resulting pulmonary test.

Courts are not to re-weight the evidence or substitute its judgment for that of the Commissioner when the record before the administrative agency has been comprehensive and thorough. *Colon v. Secretary of Health & Human Serv.,* 877 F.2d 148 (1st Cir.1989). The issue to be considered by the Court in this kind of cases is whether the decision of the ALJ is supported by substantial evidence, which has been defined as "more than a mere scintilla" and "such as a reasonable mind might accept as adequate to support a conclusion". *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

Thus, judicial review of social security claims is limited to determining whether the ALJ used proper legal standards and found facts upon the proper quantum of evidence. *Ward v. Commissioner,* 211 F.3d 652, 655 (1st Cir.2000).

Upon an examination of the record as a whole, this Magistrate finds that the decision of the Commissioner is supported by substantial evidence and is to BE AFFIRMED.

The Clerk is to enter Judgment accordingly.

IT IS SO ORDERED.