Jenaro CASTRO RIVERA, Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant.

No. CIV. 02–2533(HL–JAC).

United States District Court,
D. Puerto Rico.

July 21, 2003.

Cristina Muñoz–Gándara, Bayamón, PR, for Plaintiff.

Camille L. Vélez–Rivé, United States Attorney's Office, Torre Chardón, San Juan, PR, for Defendant.

## OPINION AND ORDER

CASTELLANOS, United States Magistrate Judge.

This action seeks judicial review of the final decision of the Commissioner of Social Security (the Commissioner) denying plaintiff's application for a period of disability and ensuing benefits. Social Security Act, 42 U.S.C. § 405(g).

Plaintiff filed an application for disability insurance benefits claiming inability to work since August 13, 1998, at age 61, which was initially denied. After an administrative hearing was held on December 6, 1999, the Administrative Law Judge (ALJ) issued an opinion, which conclusion was adopted as the final decision of the Commissioner. At the administrative hearing plaintiff, represented by counsel, testified. The ALJ determined afterwards that plaintiff, who had claimed disability because of back and neck pain that radiated to his legs, was not under disability.

In his opinion, the ALJ stated that plaintiff could return to his previous kind of light work. He had worked at the Puerto Rico Aqueducts and Sewage Administration as a wiring technician, which the ALJ considered light kind of work that did not involve repeated bending or significant lifting and carrying. Plaintiff opposes this determination because the kind of work described should be considered medium exertion and one that involved climbing and bending.

Claimant testified at the administrative hearing that his previous work was done mostly standing, once in a while seated and almost never he had to carry or lift heavy objects, except to pass the cables, that was not much. He retired after thirty two years of public service and shortly thereafter, by the time the administrative hearing was held, he was receiving social security benefits based on age. Since he had begun to feel bad in the last years of employment, claimant considered he was unable to work because of disability on the date he retired, February 8, 1997. He complained of constant and strong pain in his left arm, neck, and back. He began to see a neurologist in July of 1998, on a monthly basis, when his condition felt worse and began receiving treatment and medication. Claimant takes care of his personal hygiene and does not do house chores mainly because his wife does these kind of chores, but he helps in the patio selecting plants and goes out shopping. To questions propounded by the ALJ if whether he could have continued doing the work he had, he candidly answered positively.

The record shows plaintiff admits to read and be watching television for a considerable daily time period and having no problem with concentration. He walks one hour daily together with his wife. He also visits friends and family on a bi-weekly basis and spends about two hours sharing with them. On Sundays, plaintiff attends religious services. His main complaints are being unable to engage in a social and sport life as he used to do before and not being able to make trips without requiring help or company to feel safer. Although aging can indeed take its toll, plaintiff, except for complaints of strong pain, seems able to carry a normal life and pace.

The medical evidence shows that back in 1994 plaintiff had a concentric bulge at L4–L5 disc annulus in contact with the anterior wall of the dural sac. He was diagnosed with bulging L2–L3 and L4–L5 discs. Still, he continued to work until 1997 and the first treatment thereafter was in 1998 with Dr. Tomás Hernández Ortiz. The examination showed no atrophy or loss of muscle strength, no motor abnormality, no disturbance of gait or station and mostly normal reflexes. The patient could sit, stand, and walk for about thirty minutes, could lift and carry up to fifteen pounds. There is no mention nor medication for a mental component. Medical evidence in the record deals mainly with the years 1993 and 1994 and is consonant with the above described back condition.

Courts are not to re-weight the evidence or substitute their judgment for

that of the Commissioner when the record before the administrative agency has been comprehensive and thorough. *Colón v. Secretary of Health & Human Serv.*, 877 F.2d 148 (1st Cir.1989). The issue to be considered by the Court in this kind of cases is whether the decision of the ALJ is supported by substantial evidence, which has been defined as "more than a mere scintilla" and "such as a reasonable mind might accept as adequate to support a conclusion". *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Thus, judicial review of social security claims is limited to determining whether the ALJ used proper legal standards and found facts upon the proper quantum of evidence. *Ward v. Commissioner*, 211 F.3d 652, 655 (1st Cir.2000).

Upon an examination of the record as a whole, this Magistrate finds that the decision of the Commissioner is supported by substantial evidence and is to BE AFFIRMED. Judgment to be entered accordingly.

IT IS SO ORDERED.