Normand BAZINET, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant.

Civil Action No. 2004–12701–RBC.[1]

United States District Court,
D. Massachusetts.

June 19, 2006.

---

1. With the parties' consent this case has been reassigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 626(c).

Morris Greenberg, Green & Greenberg, Providence, RI, for Plaintiff.

Christopher R. Donato, United States Attorney's Office, Boston, MA, for Defendant.

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (# 8) AND DEFENDANT'S MOTION FOR ORDER AFFIRMING THE DECISION OF THE COMMISSIONER (# 10)

COLLINGS, United States Magistrate Judge.

### I. Introduction

On December 27, 2004, Normand J. Bazinet ("Bazinet") filed a complaint against Jo Anne B. Barnhart, Commissioner, Social Security Administration ("Commissioner" or "SSA"), seeking review of the defendant's final decision that the plaintiff was not disabled and, consequently, not entitled to Social Security disability benefits. The Commissioner duly filed an answer to the complaint, together with the administrative record of the Social Security proceedings. As is customary in these types of cases, approximately six months later Bazinet submitted a motion for summary judgment and a supporting memorandum of law. In turn the defendant filed a motion for an order affirming the decision of the Commissioner accompanied by a memorandum in support thereof. At this juncture, the dispositive motions are ripe for decision.

### II. The Facts

Since the issues raised in the parties' motions are legal rather than factual in nature, the recitation of the background facts shall be abbreviated.

Bazinet, formerly a mason or bricklayer by trade, first filed an application for disability insurance benefits on September 6, 1990 with an alleged onset date of November 3, 1989 as a result of a "herniated lumbar disc and a shoulder injury". (TR [2]

---

**2.** The designation "TR" refers to the administrative record.

at 22) This initial application was denied on October 10, 1990, a decision which the plaintiff did not appeal. (TR at 22–3) A second application for disability insurance benefits was filed on September 3, 1991 with an alleged onset date of September 9, 1991 due to "multiple lower back disorders." (TR at 23) Although this application, too, was denied on initial determination and upon review, in a June 21, 1994 decision an Administrative Law Judge ("ALJ") ultimately awarded Bazinet a "closed period of disability from September 9, 1991 to April 11, 1994." (TR at 23) No further appeal was taken. (TR at 23)

The plaintiff filed a third application for disability benefits on July 18, 1995 again with an alleged onset date of September 9, 1991 consequent to "spinal and disc injuries." (TR at 23) This application was denied both on initial determination and reconsideration on August 16, 1995 and October 5, 1995 respectively. (TR at 23) An ALJ thereafter issued an unfavorable decision on the application on September 16, 1996, which decision was upheld by the Appeals Council on May 12, 1998. (TR at 23)

On June 2, 1998, Bazinet filed another application for disability benefits with an alleged onset date of July 1, 1994 "due to spinal injuries with neck/right knee pain and left leg numbness." (TR at 23) This fourth application was initially denied on August 28, 1998, denied on reconsideration on November 12, 1998, and the subject of an unfavorable decision by an ALJ on September 24, 1999. (TR at 23) From all that appeared "[t]here was evidently no further appeal of this Administrative Law Judge decision which became administratively final at that time." (TR at 23) [3]

The plaintiff filed the application for disability benefits now at issue on February 1, 2001 with an alleged onset date of September 9, 1991 as a result of "spinal/disc injuries, right knee pain, cervical pain and bilateral leg numbness." (TR at 23) On April 10, 2001, this application was initially denied (TR at 40–43), and it was denied again on reconsideration on June 25, 2001. (TR at 45–48) In mid-July, 1991, Bazinet filed a request for a hearing by an ALJ (TR at 49), which hearing was ultimately held on March 25, 2003. (TR at 299)

The ALJ issued an unfavorable decision on the plaintiff's application on July 18, 2003. (TR at 19–32) In reaching his decision, the ALJ made the following finding, among others: "The Administrative Law Judge decision dated September 24, 1999 is res judicata that the claimant was not under a 'disability', as defined in the Social Security Act, through such date." [4] (TR at 30) The practical effect of that determination was to circumscribe drastically the time period and evidence the ALJ considered with respect to the February 1, 2001 application. In fact, the ALJ viewed the sole issue to be decided as being "whether the claimant is 'disabled' after September 24, 1999 and specifically before his insured

---

**3.** This rendition of the historical facts has been gleaned from the ALJ's decision on the application for disability benefits at issue in the present case. Bazinet notes that "[n]one of those prior applications or decisions is in the administrative record [,][n] or is the medical evidence associated with those applications." Plaintiff's Memorandum # 9 at 2.

**4.** In the text of his decision, the ALJ noted the variation in onset dates in the prior applications vis-a-vis the current application, but held "that both the Administrative Law Judge decisions dated September 24, 1999 and September 16, 1996 are res judicata that the claimant was 'not disabled' through such date of September 24, 1999", and then incorporated those two decisions by reference "as they pertain to the claimant's disability prior to September 24, 1999." (TR at 24) Although incorporated by reference, as previously noted, those prior ALJ decisions are not part of the administrative record on the current application.

status expired on September 30, 1999." (TR at 24)

The ALJ reviewed the medical evidence relating to the limited period in question, September 24–30, 1999, followed the sequential steps set forth in 20 C.F.R. § 404.1520, and concluded that "the claimant was not under a 'disability' as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. 404.1520(f))." (TR at 30–31) The Appeals Council thereafter denied Bazinet's request for review on October 22, 2004 (TR at 7–9), and in so doing effectively rendered the ALJ's decision to be the final agency decision. On December 27, 2004, the plaintiff instituted the present action for judicial review of that final agency decision.

### III.  The Standard Of Review

Title 42 U.S.C. § 405(g) provides, in relevant part:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow ... The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of So-

cial Security as to any fact, if supported by substantial evidence, shall be conclusive ...

The Court's role in reviewing a decision of the Commissioner under this statute is limited:

We must uphold a denial of social security disability benefits unless "the Secretary has committed a legal or factual error in evaluating a particular claim." *Sullivan v. Hudson,* 490 U.S. 877, 885, 109 S.Ct. 2248, 2254, 104 L.Ed.2d 941 (1989). The Secretary's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *see also Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

*Manso–Pizarro v. Secretary of Health and Human Services,* 76 F.3d 15, 16 (1 Cir., 1996); *see also Reyes Robles v. Finch,* 409 F.2d 84, 86 (1 Cir., 1969) ("And as to the scope of court review, 'substantial evidence' is a stringent limitation.")

The instant case involves the issue of whether or not the Commissioner has committed "legal error."

### IV.  Discussion

█ Bazinet argues that, in the circumstances of his case, the ALJ committed an error of law by applying improperly the doctrine of *res judicata* which, in turn, resulted in limiting improperly his view of the relevant evidence. The Commissioner appears to concede that *res judicata* should not have been applied [5], but argues that the ALJ had alternative grounds to rule as he did.

---

5.  In her Memorandum in Support, the defendant

concurs that HALLEX [Hearings, Appeals and Litigation Law Manual] advises that *res judicata* should not be applied in matters where a new adjudicative standard exists. HALLEX Chapter I–2–4–40F. Moreover, POMS [Program Operations Manual] Sec-

tion DI 27516.010 advises that subsequent claims involving musculoskeletal listings should not be denied on the basis of *res judicata* if the determination on the prior claim was made before the date of the listing change.

Defendant's Memorandum # 11 at 7 (footnote omitted).

First, to set the contentions in context, the medical criteria for the listing of impairments utilized in evaluating musculoskeletal impairments were revised by the Commissioner in November of 2001. *See* 66 Fed. Register 58,010 (2001); # 9 at 6; # 11 at 6. The effective date of the regulatory change was February 19, 2002. *See* 66 Fed. Register 58,011 (2001); # 9 at 6; # 11 at 6. The parties agree that "the changes to the listing requirements would apply to all cases pending at any stage of the administrative process as of the time of the rule change (February 19, 2002)." *See* # 11 at 6; # 9 at 6; 66 Fed. Register 58,011 (2001). The parties also agree that since Bazinet's February 1, 2001 application was pending at the administrative level on February 19, 2002, the plaintiff's current application is subject to the revised medical criteria in the new regulations. *See* # 9 at 6; # 11 at 6.

It is the plaintiff's position that because new regulations unquestionably apply, the issues in his present application are not the same as in his prior applications and thus the doctrine of *res judicata* simply does not apply. Indeed, that is precisely what is stated in the HALLEX, particularly in Example 2 which is right on point:

K. Effect of a Subsequent Change in Statute, Regulation or Policy Interpretation on Applicability of *Res Judicata*
1. The ALJ may not use *res judicata* as the basis for dismissing an RH based on a current application when there has been a change in a statute, regulation, ruling or legal precedent which was applied in reaching the final determination or decision on the prior application. A new adjudicative standard exists and the issues cannot be considered the same as the issues in the prior case. The ALJ must issue a decision.
*Example 1:*
On August 21, 2000, SSA published regulations which became effective on September 20, 2000 and established new medical criteria (listings) for adjudicating cases involving mental impairments. These regulations represented a change in how we determine the issue of whether or not the claimant is under a disability when a mental impairment is present. Therefore, the ALJ cannot apply the doctrine of *res judicata* in a Title II case involving a mental impairment on which a prior final determination or decision was issued before September 20, 2000, even if no new facts are presented and even if insured status expired before the date of the prior final determination or decision. The ALJ must apply the new regulations (i.e., the regulations effective September 20, 2000) and issue a decision on the merits of the case.
*Example 2:*
On November 19, 2001, SSA amended the musculoskeletal listings at sections 1.00 and 101.00 of the Listing of Impairments. These changes became effective February 19, 2002. These regulations represented a change in how certain musculoskeletal impairments are evaluated. Therefore, the ALJ cannot apply the doctrine of *res judicata* in a Title II case involving a musculoskeletal impairment on which a prior final determination or decision was issued before February 19, 2001, even if no new facts are presented and even if insured status expired before the date of the prior final determination or decision. The ALJ must apply the new regulations (*i.e.*, the regulations published on November 19, 2001) and issue a decision on the merits of the case.
**NOTE 1:**
Although a change in the regulations precludes an ALJ from dismissing a request for hearing on the basis of *res judicata,* it does not change the rules on administrative finality. Payment of the

claim would be based on the current application alone, unless the conditions for reopening an earlier claim are met. **NOTE 2:** When there has been a change in the regulations, ALJs must apply the new regulations as if they always existed unless the new regulation specifically states otherwise. For example, the new regulations may state that they apply only to claims filed after a certain date.

HALLEX Chapter I–2–4–40F.

The POMS includes a similar provision: subsequent claims involving the [revised musculoskeletal] listings . . . should not be denied on the basis of *res judicata* if the determination on the prior claim was made before the date of the listing change . . . The musculoskeletal listings have been so extensively revised that, while they are not in general, less restrictive, the "issues" are different and include the use of functional criteria to indicate listing level severity. Therefore, a new determination should be prepared for all subsequent claims involving a musculoskeletal impairment if the prior claim was denied before 02/19/02.

POMS DI 27516.010, Exhibit 2.

Bazinet argues, correctly, that, having employed the doctrine of *res judicata* in ruling on the February, 2001 application, the ALJ committed legal error. The effect of having applied *res judicata* is that the ALJ did not consider the evidence regarding the period from September 9, 1991 through September 24, 1999, nor did he decide the merits of the plaintiff's application from the alleged onset date through September 24, 1999. Rather, the ALJ confined himself to consideration only of evidence relating to the period September 25–30, 1999. The plaintiff asserts that this, too, constitutes error. Although the Commissioner does not contest the fact that *res judicata* should not have been applied, she argues essentially that the error was harmless since the same result would have eventuated for two different reasons.

■ The defendant's first contention can be addressed with some dispatch. The Commissioner takes the position that since the ALJ concluded that the September 24, 1999 decision was not appealed, that decision is binding upon Bazinet under the doctrine of administrative finality. As explained in the regulations, the doctrine of administrative finality incorporates the notion that "[t]he decision of the administrative law judge is binding on all parties to the hearing unless—(a) [the claimant] or another party request[s] a review of the decision by the Appeals Council within the stated time period, and the Appeals Council reviews [the claimant's] case." *See* 20 C.F.R. § 404.955(a).

That there is a distinction between *res judicata* and administrative finality is recognized in the section of the HALLEX cited by the plaintiff and quoted at length above, in particular, Note 1. However, the defendant's argument misses the mark. The plaintiff is not challenging the prior decision under the old regulations; that prior decision was not appealed and as such is indeed administratively final. Although the September 24, 1999 decision is administratively final, *res judicata* is not germane because the standard to be applied under the new regulations is different than that applied under the old regulations in the prior case so the issues in the two applications are not the same.

Bazinet is claiming that his current application for the entire time period covered must be considered under the new regulations. Such a contention does not implicate the administrative finality of the September 24, 1999 decision.

■ Secondly, the Commissioner asserts that in filing an application with the

identical onset date as a prior, final decision, Bazinet was de facto requesting that the prior decision be reopened. *See Colon v. Secretary of Health and Human Services*, 877 F.2d 148, 149 (1 Cir., 1989). The argument runs that by refusing to consider the evidence relating to the period prior to September 25, 1999, the ALJ in effect denied an implicit request to reopen, a decision which, absent a colorable constitutional claim, the court is without jurisdiction to review. *See Torres v. Secretary of Health and Human Services*, 845 F.2d 1136, 1138 (1 Cir., 1988) *citing Califano v. Sanders*, 430 U.S. 99, 107–09, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

The situation at hand, however, is distinguishable. The plaintiff is seeking review of the evidence, admittedly the majority of which dates back to a period included in a prior application, on a claim under a new regulatory standard. It is the change in the regulations that makes the difference. The plaintiff cannot be viewed as requesting a reopening or revision of a prior final decision. To decide otherwise would in effect negate the prohibition against applying *res judicata* in the circumstance of regulatory change and be contrary to Example 2 in HALLEX Chapter I–2–4–40F quoted hereinabove which is directly on point. Rather, the merits of the present claim must be decided in light of the new regulatory provisions.

In sum, the ALJ committed legal error both in applying *res judicata* and in failing to consider the evidence regarding the period from September 9, 1991 through September 24, 1999 so as to decide the merits of Bazinet's application under the new regulatory standard. As a consequence, the case must be remanded.

### V. Conclusion and Order

For the reasons stated it is ORDERED that the Plaintiff's Motion For Summary Judgment (# 8) be, and the same hereby is, ALLOWED to the extent that this matter is REMANDED to the Commissioner for further proceedings not inconsistent with this Memorandum and Order. It is FURTHER ORDERED that the Defendant's Motion For Order Affirming The Decision Of The Commissioner (# 10), be, and the same hereby is, DENIED. Judgment shall enter accordingly.